James E. Torgerson (Bar No. 8509120)
Whitney A. Brown (Bar No. 1906063)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: (907) 277-1900
Facsimile: (907) 277-1920
jim.torgerson@stoel.com
whitney.brown@stoel.com

*Attorneys for Plaintiff Moda Assurance Co.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MODA ASSURANCE CO., | Case No.: 3:23-cv-00132-SLG |
| Plaintiff, | |
| v. | |
| NEW LIFE TREATMENT CENTER, | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

Plaintiff Moda Assurance Co. (Moda), by and through its undersigned counsel, files this Complaint for damages against Defendant New Life Treatment Center (New Life) and alleges as follows:

## SUMMARY OF ACTION

1. New Life orchestrated a deceptive and unlawful scheme through which it defrauded Moda of approximately $3.3 million.

2. The scheme was simple. First, with the help of "patient advocates," New Life contacted Alaskans battling substance abuse and offered them a deal: New Life would enroll them in health insurance plans if they would seek substance abuse treatment at New Life's facility located in southern California.

3. When those individuals agreed, New Life would enroll or cause them to be enrolled in an Alaskan health insurance plan offered by Moda through Alaska's health insurance exchange.

4. The individuals New Life targeted, however, earned incomes that fell short of the income threshold required for enrollment in the health plan Moda offered through Alaska's health insurance exchange. Accordingly, they were ineligible for enrollment in Moda's health plan rather than a public plan like Alaska Medicaid. New Life concealed this by knowingly providing, or coaching its recruits to provide, false income on their insurance applications.

5. New Life targeted Moda, one of only two insurers offering individual health insurance plans through Alaska's exchange, because individual health insurance carriers in Alaska are effectively obligated under state law to provide coverage outside the state of Alaska and to pay more for medical services than insurers in other states. This allowed New Life to maximize the profitability of its scheme.

6. Once New Life enrolled its recruits into Moda's health plans, New Life submitted exorbitant, fraudulent claims for substance abuse treatment. In the months before Moda uncovered the fraud, it paid out hundreds of thousands of dollars to these facilities.

7. But Moda was not the scheme's only victim. The vulnerable Alaskans that New Life recruited to participate in its scheme were also harmed by the substandard care they received at New Life's facility.

8. Moda brings this action to put a stop to the scheme and to recover the hundreds of thousands of dollars that New Life stole.

## PARTIES

9. Moda Assurance Co. is an Alaskan corporation with its principal place of business in Anchorage, Alaska. Moda has offered individual health insurance plans in Alaska since its incorporation in 2019, and it is in good standing. Moda is one of only two carriers offering health insurance plans on Alaska's federally operated health insurance exchange. Moda is qualified to bring and maintain this action.

10. On information and belief, Defendant is a California corporation with its corporate offices in Orange, California.

11. Various firms and individuals not made parties to this action served as New Life's agents and coconspirators in perpetrating the fraudulent scheme described in this Complaint.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because Moda and New Life have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. This Court's exercise of personal jurisdiction over New Life is proper under Alaska's long-arm statute (AS 09.05.015) and is consistent with federal constitutional due process principles. New Life or its employees or agents purposefully availed itself of the privilege of conducting business in Alaska by inducing Alaska residents to seek treatment for substance abuse at its treatment center. Moda's claims arise out of New Life's activities in this state. Given New Life's sustained and deliberate activities in Alaska, this state's exercise of personal jurisdiction over New Life comports with traditional notions of fair play and substantial justice.

14. Venue is appropriate in the District of Alaska under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this controversy occurred within this District.

## FACTUAL ALLEGATIONS

15. New Life operates centers for drug and alcohol rehabilitation in California.

16. On information and belief, New Life employed or otherwise contracted with "patient advocates," individuals who were responsible for recruiting new individuals to New Life.

17. New Life's recruitment methods preyed on the poor and medically vulnerable. On information and belief, patient advocates used Facebook and other methods to identify individuals who may be suffering from substance use disorder, and aggressively recruited them to agree to receive treatment at New Life.

18. Most of the individuals whom New Life recruited did not earn an income meeting the threshold for eligibility to enroll in health insurance by purchasing a private health plan on Alaska's health insurance marketplace (such as those Moda offers). Rather, most of New Life's recruits were eligible to receive free healthcare benefits through Alaska Medicaid.

19. Alaska Medicaid is a program created by the federal government and administered by the State of Alaska to pay for healthcare services for low-income individuals.

20. Because its purpose is to ensure that low-income individuals have access to healthcare services, Alaska Medicaid (unlike health insurance offered on Alaska's health insurance marketplace) does not require enrollees to pay a premium.

21. Even though many of New Life's recruits were eligible to receive free health care through Alaska Medicaid, New Life's patient advocates pressured their recruits to purchase health insurance on Alaska's health insurance exchange.

22. The Patient Protection and Affordable Care Act (ACA) created exchanges run by states and the federal government through which insurers offer health insurance

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

plans. The exchanges are centralized marketplaces where individuals, families, and small businesses can (1) compare health insurance plans; (2) determine their eligibility to participate in those plans; (3) determine whether they qualify for health insurance subsidies; and finally (4) enroll in a health insurance plan of their choosing.

23. To establish eligibility, applicants who purchase health insurance through an exchange must attest under penalty of perjury that the information they provide with their insurance application is true, including information about their income.

24. On information and belief, to avoid the minimum-income requirements of health plans purchased through Alaska's health insurance marketplace (including Moda's health plans), New Life's patient advocates either coached their recruits to fraudulently report their income when applying for health insurance coverage through the marketplace, or New Life's patient advocates themselves intentionally misrepresented their recruits' income when filling out applications on the recruits' behalf, causing them to enroll in a Moda health plan.

25. Once enrolled in a Moda health plan, the patient advocates purchased their recruits' plane tickets for the journey from Alaska to New Life's treatment center in California.

26. Instrumental to New Life's scheme was an Alaska regulation, 3 AAC 26.110(a), which sets a minimum amount that health insurance companies must pay when Alaskans with private insurance plans (such as those offered by Moda and purchased on

Alaska's health insurance marketplace) receive care from health providers outside the insurers' networks.

27. Specifically, the regulation provides that private health care insurers must pay claims for health care services based on an amount that is equal to or greater than the 80th percentile of charges in a geographical area. This is known as the "80th percentile rule."

28. The effect of Alaska's 80th percentile rule is that out-of-network providers like New Life receive a much higher payment from private health insurers like Moda than they would from (a) private insurers in states without such a rule; and (b) public insurers like Medicaid. Thus, New Life stood to gain from convincing vulnerable Alaskans to enroll in Moda's health plans rather than in Medicaid, and did so with the intention of exploiting Alaska's generous payment rule.

29. Because of the information New Life falsified or caused to be falsified on its recruits' applications for health insurance, New Life successfully recruited dozens of vulnerable Alaskans to receive care at New Life's out-of-state facilities.

30. For each recruit it fraudulently induced to enroll in one of Moda's health plans and convinced to receive care at its facility, New Life billed Moda, for some recruits up to $9,000 per day.

31. Some of New Life's Alaskan recruits remained at New Life's facilities for weeks or even months.

32. On information and belief, Moda has so far paid an estimated $550,000 in claims (of a total of $3.3 million in claims for which New Life has so far sought payment from Moda) for individuals whose health-insurance applications contained information that New Life falsified or caused to be falsified.

33. Despite New Life's representations, the treatment its recruits received at New Life's facilities was inadequate.

## FIRST CAUSE OF ACTION
### (Fraud/Misrepresentation)

34. Moda re-alleges and incorporates by reference the allegations contained in the preceding paragraphs.

35. New Life falsely represented its recruits' income or induced its recruits to falsely represent their income when applying for health insurance coverage through Alaska's health insurance marketplace.

36. New Life did so knowing the falsity of the representations. New Life falsified or caused to be falsified its recruits' income to establish that the individuals were eligible for enrollment in Moda health plans.

37. By misrepresenting or causing its recruits to misrepresent their income, New Life caused the health insurance exchange to determine that the individuals were eligible for Moda health plans rather than Medicaid.

38. New Life intended to induce the reliance of both the federal health exchange and Moda (which was required to offer insurance coverage to the applicants based on New

*Moda Assurance Co. v. New Life Treatment Center*
Case No. 3:23-cv-00132-SLG        8

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

Life's representations). Specifically, New Life intended to induce Moda to issue health insurance policies to New Life's recruits and to pay fraudulent claims. New Life understood that Moda would have done neither in the absence of New Life's false representations and concealed facts.

39. Moda justifiably relied on New Life's false representations.

40. As a result, Moda suffered damages in the form of payments for care that, in the absence of New Life's misrepresentations, it otherwise would not have paid.

## SECOND CAUSE OF ACTION
### (Negligent Misrepresentation)

41. Moda re-alleges and incorporates by reference the allegations contained in the preceding paragraphs.

42. New Life made material misrepresentations of fact to Moda. Specifically, using the federal health exchange's website, New Life prepared and transmitted health insurance applications to Moda that included false information concerning its recruits' income. By doing so, New Life failed to exercise reasonable care or competence in obtaining or communicating its recruits' income.

43. These misrepresented facts were material to Moda, and led Moda to believe that the applicants were eligible to participate in Moda's health plans when they were not. Absent New Life's misrepresentations, Moda would not have issued the insurance policies nor paid claims for these individuals.

44. New Life understood that Moda would rely on these facts to issue insurance policies to its recruits, and ultimately to pay their claims. New Life fully intended that Moda do both.

45. Moda justifiably relied on New Life's false representations by enrolling Medicaid-eligible individuals in its private health plans. It did so because (among other reasons) New Life made its material misrepresentations under penalty of perjury.

46. Absent these misrepresentations, Moda would not have suffered damages by paying the claims. Instead, Moda would have understood that the applicants were ineligible to participate in its health plans.

### THIRD CAUSE OF ACTION
**(Alaska Consumer Protection Act, AS 45.50.471)**

47. Moda re-alleges and incorporates by reference the allegations contained in the preceding paragraphs.

48. New Life engaged in conduct creating a likelihood of confusion or misunderstanding that misled or deceived Moda by leading it to believe that its recruits met the minimum-income requirements of health plans purchased through Alaska's health insurance marketplace.

49. New Life used deception, fraud, false pretense, false promise, or misrepresentation, or knowingly concealed, suppressed, or omitted information about its recruits' income with intent that the health exchange and Moda rely upon the concealment,

suppression, or omission in connection with the sale or advertisement of New Life's services.

50. New Life falsely represented that its services have benefits that they do not have.

## FOURTH CAUSE OF ACTION
**(California Insurance Frauds Prevention Act, Cal. Ins. Code §§ 1871.4, 1871.7)**

51. Moda re-alleges and incorporates by reference the allegations contained in the previous paragraphs.

52. New Life made or caused to be made knowingly false or fraudulent material statements or representations for the purpose of obtaining compensation.

53. New Life knowingly assisted and abetted its recruits in unlawful acts.

54. New Life unlawfully employed patient advocates as "steerers" to procure clients to obtain services or benefits under a contract of insurance.

## FIFTH CAUSE OF ACTION
**(California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.)**

55. Moda re-alleges and incorporates by reference the allegations contained in the previous paragraphs.

56. California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, prohibits unlawful, unfair, and fraudulent business acts or practices.

57. New Life's scheme violated numerous state laws, including:

a. California Health and Safety Code § 11831.6, which prohibits, among other persons and entities, "[a]n alcoholism or drug abuse recovery or treatment facility licensed under this part," from "giv[ing] or receiv[ing] remuneration or anything of value for the referral of a person who is seeking alcoholism or drug abuse recovery and treatment services"; and

b. California Health and Safety Code § 445, which provides that "[n]o person, firm, partnership, association or corporation, or agent or employee thereof, shall for profit refer or recommend a person to a physician, hospital, health-related facility, or dispensary for any form of medical care or treatment of any ailment or physical condition."

58. New Life further acted unfairly, unscrupulously, and contrary to established public policy by providing false and misleading information on health insurance applications for its recruits.

59. New Life knew or should have known that its statements were untruthful and misleading.

60. Absent the foregoing unlawful, unfair, and fraudulent business acts and practices, Moda would not have issued insurance policies to New Life's recruits nor paid their claims. New Life therefore damaged Moda in an amount not less than $500,000.

## SIXTH CAUSE OF ACTION
### (Civil Conspiracy)

61. Moda re-alleges and incorporates by reference the allegations contained in the previous paragraphs.

62. Together with its patient advocates, New Life intended to and did unlawfully enroll or assist in enrolling in Moda health plans individuals who did not qualify so New Life could exploit Alaska's generous payment rules.

63. New Life and its patient advocates owed a duty to Moda to provide accurate income information on the insurance applications it submitted or helped its recruits submit to Moda. New Life and its patient advocates conspired to breach that duty of care for New Life's ultimate benefit.

64. New Life and its patient advocates acted with the purpose of harming Moda, which they knew would ultimately be responsible for paying the claims New Life submitted for its recruits' care.

65. As a result of the unlawful conspiracy between New Life and its patient advocates, Moda suffered damages exceeding $500,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Moda respectfully requests an Order and Judgment against New Life, awarding Moda:

A. Compensatory damages;

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

B. The maximum allowable civil penalties to be imposed under the Alaska Consumer Protection Act and the California Insurance Frauds Prevention Act for each and every false and/or fraudulent claim for payment submitted, presented, or caused to be submitted or presented to Moda, an insurance company;

C. Three times the amount of each claim for compensation, as permitted under the Alaska Consumer Protection Act and the California Insurance Frauds Prevention Act;

D. Restitution under California's Unfair Competition Law;

E. Punitive and exemplary damages;

F. Attorneys' fees, costs, and expenses incurred in bringing this case, including as provided under the relevant statutes and Alaska Civil Rule 82;

G. Pre- and post-judgment interest; and

H. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable as allowed by Fed. R. Civ. P. 38.

DATED: June 15, 2023

STOEL RIVES LLP

By: /s/ James E. Torgerson
JAMES E. TORGERSON (Bar No. 8509120)
WHITNEY A. BROWN (Bar No. 1906063)

*Attorneys for Plaintiff Moda Assurance Co.*

*Moda Assurance Co. v. New Life Treatment Center*
Case No. 3:23-cv-00132-SLG  14

Case 3:23-cv-00132-SLG   Document 1   Filed 06/15/23   Page 14 of 14

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*