Matthew M. Lavin (*pro hac pending*)
James Wiseman (*pro hac pending*)
Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 350S
Washington, D.C. 20037
Telephone:    202.677.4030
Facsimile:    202.677.4031

David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501
Telephone:    907.276.1550
Facsimile:    907.276.3680

*Attorneys for Defendant New Life Treatment Center*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| Moda Assurance Co., | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:23-cv-00132-SLG |
| vs. | ) | |
| | ) | |
| New Life Treatment Center, | ) | |
| Defendant. | ) | |
| | ) | |

## **Defendant's Motion to Dismiss Complaint under Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(3), and (b)(6); or in the alternative to transfer under 28 U.S.C. § 1404 to the Central District of California**

Defendant New Life Treatment Center ("New Life") respectfully requests that the Court dismiss with prejudice the Complaint of Plaintiff Moda Assurance Co. ("Moda"), Dkt. No. 1, pursuant to Federal Rule of Civil Procedure 12(b)(1), (b)(2), (b)(3), and (b)(6), or in the alternative, to transfer under 28 U.S.C. § 1404 to the

Central District of California, for the reasons stated in the accompanying memorandum.

Dated: August 22, 2023.

Arnall Golden Gregory LLP
Attorneys for Defendant New Life Treatment Center

By: /s/ Matthew M. Lavin
Matthew M. Lavin (*pro hac pending*)
James Wiseman (*pro hac pending*)

Birch Horton Bittner & Cherot

By: /s/ David Karl Gross
David Karl Gross 9611065

Attorneys for Defendant New Life Treatment Center

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

**Table of Contents**

I. Introduction.................................................................................................1

II. Background.................................................................................................2

    1. Plaintiff makes vague and conclusory allegations that New Life improperly "recruited" Alaska-resident patients to its California treatment center.................................................................................2

    2. Plaintiff fails to allege adequate jurisdictional facts establishing jurisdiction in Alaska. ................................................................4

III. Analysis....................................................................................................5

    1. The Court must dismiss under Rule 12(b)(1) because Plaintiff lacks standing. .......................................................................................5

    2. This Court lacks personal jurisdiction over Defendant New Life under Rule 12(b)(2)..........................................................................9

        a) Plaintiff has not satisfied its burden of establishing personal jurisdiction on any basis...........................................................12

        b) New Life has not purposefully availed itself of the privileges of conducting activities in or purposefully directed its activities toward Alaska.................................................................................13

        c) Plaintiff's claims do not "arise out of" or "relate to" New Life's alleged conduct. ..............................................................18

        d) Haling New Life into Alaska is not reasonable..............................19

    3. This Court is not the appropriate venue for this case under Rule 12(b)(3). ......................................................................................19

    4. Plaintiff's Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6)...........................................................21

        a) Plaintiff's Complaint is so devoid of factual allegations as to fail to state any cause of action under Rule 8 or Rule 9(b). .............................23

        b) Plaintiff fails to state a claim with respect to any of its individual causes of action. ...........................................................26

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 350S
Washington, D.C. 20037
202.677.4030

c) Plaintiff's Complaint should be dismissed with prejudice because amendment would be futile..................................................34

IV. Conclusion ..............................................................................34

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 350S
Washington, D.C. 20037
202.677.4030

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*350 Montana v. Haaland*,
   50 F.4th 1254 (9th Cir. 2022) ...................................................................7

*Ajetunmobi v. Clarion Mortg. Cap., Inc.*,
   595 F. App'x 680 (9th Cir. 2014) .............................................................33

*Ajzenman v. Off. of Comm'r of Baseball*,
   492 F. Supp. 3d 1067 (C.D. Cal. 2020) ...................................................32

*Alfus v. Pyramid Tech. Corp.*,
   745 F. Supp. 1511 (N.D. Cal. 1990) ........................................................33

*AMA Multimedia, LLC v. Wanat*,
   970 F.3d 1201 (9th Cir. 2020) .............................................. 9, 12, 16, 17

*Apple Inc. v. VoIP-Pal.com, Inc.*,
   506 F. Supp. 3d 947 (N.D. Cal. 2020) .....................................................20

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................23

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
   571 U.S. 49 (2013)...................................................................................20

*Aton Ctr., Inc. v. Premera Blue Cross*,
   2021 WL 615048 (S.D. Cal. Feb. 16, 2021)............................................32

*Axiom Foods, Inc. v. Acerchem Int'l*,
   874 F.3d 1064 (9th Cir. 2017) .................................................................17

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
   11 F.4th 972 (9th Cir. 2021) ......................................................................9

*Balazhi v. Allstate Prop. & Cas. Ins.*,
   2022 WL 16572099 (D. Alaska Nov. 1, 2022) ........................................27

*Benavidez v. Cnty. of San Diego*,
   993 F.3d 1134 (9th Cir. 2021) .................................................................21

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

*U.S. ex rel. Bly-Magee v. Premo*,
　333 F. App'x 169 (9th Cir. 2009) ........................................................................ 29

*Boschetto v. Hansing*,
　539 F.3d 1011 (9th Cir. 2008) ...................................................................... 11, 13

*Brady v. E&Y Dev., Inc.*,
　2010 WL 11512284 (D. Alaska July 29, 2010)........................................................28

*U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys.*,
　637 F.3d 1047, 1057 (9th Cir. 2011) ...................................................................27

*Calder v. Jones*,
　465 U.S. 783 (1984)...........................................................................*passim*

*California Med. Ass'n v. Aetna Health of California Inc.*,
　532 P.3d 250 (Cal. 2023) ..............................................................................30

*Casas v. Victoria's Secret Stores, LLC*,
　2015 WL 13446989 (C.D. Cal. Apr. 9, 2015) ........................................................32

*CE Distribution, LLC v. New Sensor Corp.*,
　380 F.3d 1107 (9th Cir. 2004) .........................................................................19

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel.*,
　20 Cal. 4th 163 (1999) ...................................................................................30

*CollegeSource, Inc. v. AcademyOne, Inc.*,
　653 F.3d 1066 (9th Cir. 2011) .........................................................................17

*Curtis v. Providence Health & Servs.*,
　2019 WL 1051179 (D. Alaska Mar. 5, 2019)........................................................28

*Davis v. Cranfield Aerospace Sols.*,
　71 F.4th 1154 (9th Cir. 2023) ....................................................................*passim*

*Davis v. King Craig Tr.*,
　2017 WL 2209879 (Alaska May 17, 2017)............................................................33

*Deitz v. Comcast Corp.*,
　2006 WL 3782902 (N.D. Cal. Dec. 21, 2006)........................................................22

*DeTray v. AIG Ins. of Canada*,
　2018 WL 4184334 (W.D. Wash. Aug. 31, 2018)....................................................14

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

*DuFour v. Be LLC*,
    291 F.R.D. 413 (N.D. Cal. 2013) ..................................................................... 30, 32

*People ex rel. Ellinger v. Magill*,
    292 Cal. Rptr. 3d 241 (2022) .................................................................................. 30

*F.T.C. v. Lights of Am., Inc.*,
    760 F. Supp. 2d 848 (C.D. Cal. 2010) ................................................................... 26

*Faustino v. Alcon Lab'ys, Inc.*,
    692 F. App'x 819 (9th Cir. 2017) .......................................................................... 23

*In re Finjan Holdings, Inc.*,
    58 F.4th 1048 (9th Cir. 2023) ........................................................................... 21, 22

*Flanegin v. First Cap. Corp. of Los Angeles*,
    2009 WL 10673750 (C.D. Cal. Dec. 18, 2009) ..................................................... 31

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
    284 F.3d 1114 (9th Cir. 2002) ............................................................................... 19

*Gonzalez v. ITT Corp.*,
    2009 WL 10700307 (C.D. Cal. Aug. 10, 2009) ..................................................... 29

*Hallam v. Perkins Coie LLP*,
    2008 WL 11429373 (D. Alaska Mar. 24, 2008) .................................................... 33

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
    72 F.4th 1085 (9th Cir. 2023) ......................................................... 10, 11, 12, 19

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*,
    499 F.3d 1048 (9th Cir. 2007) ............................................................................... 34

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ......................................................................... 22, 26

*Ketab Corp. v. Mesriani & Assocs.*,
    2015 WL 12655554 (C.D. Cal. Oct. 23, 2015) ..................................................... 34

*King v. Burwell*,
    576 U.S. 473 (2015)................................................................................................. 8

*Kirst v. Ottosen Propeller & Accessories Inc.*,
    2018 WL 9943555 (D. Alaska June 20, 2018) ...................................................... 24

Amall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

*Knuttel v. Omaze, Inc.*,
    572 F. Supp. 3d 866 (N.D. Cal. 2021) ................................................................. 20

*Lantz Ret. Invs., LLC v. Glover*,
    2021 WL 6118182 (E.D. Cal. Dec. 27, 2021) ..................................................... 27

*Linda R.S. v. Richard D.*,
    410 U.S. 614 (1973) ............................................................................................ 8

*LNS Enterprises LLC v. Cont'l Motors, Inc.*,
    22 F.4th 852 (9th Cir. 2022) ......................................................................... 12, 18

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ....................................................................................... 5, 6

*Maa v. Ostroff*,
    2013 WL 1703377 (N.D. Cal. Apr. 19, 2013) .................................................. 29

*Mallory v. Norfolk S. Ry. Co.*,
    143 S. Ct. 2028 (2023) ...................................................................................... 10

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
    647 F.3d 1218 (9th Cir. 2011) .............................................................. 9, 11, 14

*United States ex rel. MC2 Sabtech Holdings, Inc. v. GET Eng'g Corp.*,
    580 F. Supp. 3d 876 (S.D. Cal. 2022) .............................................................. 33

*Menken v. Emm*,
    503 F.3d 1050 (9th Cir. 2007) ......................................................................... 19

*Minor v. Fedex Off. & Print Servs., Inc.*,
    182 F. Supp. 3d 966 (N.D. Cal. 2016) .............................................................. 29

*Moledina v. Marriott Int'l, Inc.*,
    635 F. Supp. 3d 941 (C.D. Cal. 2022) .............................................................. 17

*Morrill v. Scott Fin. Corp.*,
    873 F.3d 1136 (9th Cir. 2017) .......................................................... 10, 15, 17, 18

*Morris v. California Physicians' Serv.*,
    918 F.3d 1011 (9th Cir. 2019) ........................................................................... 7

*Nat'l Union Fire Ins. of Pittsburgh v. Aspen Custom Trailers, Inc.*,
    587 F. Supp. 3d 904 (D. Alaska 2022) ..................................................... 9, 11, 13

*In re Natera Prenatal Testing Litig.*,
  2023 WL 3370737 (N.D. Cal. Mar. 28, 2023) .................................................. 26, 33

*Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cnty.*,
  462 P.3d 461 (2020) ......................................................................... 30, 32

*Newton v. Am. Debt Servs., Inc.*,
  75 F. Supp. 3d 1048 (N.D. Cal. 2014) ....................................................... 31

*In re Nexus 6P Prod. Liab. Litig.*,
  293 F. Supp. 3d 888 (N.D. Cal. 2018) ....................................................... 27

*Nicdao v. Chase Home Fin.*,
  839 F. Supp. 2d 1051 (D. Alaska 2012) ..................................................... 34

*NordAq Energy, Inc. v. Devine*,
  2018 WL 1083922 (D. Alaska Feb. 27, 2018) ............................................... 33

*O.K. Lumber Co. v. Providence Washington Ins.*,
  759 P.2d 523 (Alaska 1988) ................................................................. 27

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ............................................................... 17

*Pestmaster Servs., Inc. v. Travelers Cas. & Sur. Co.*,
  2013 WL 12147583 (C.D. Cal. Sept. 10, 2013) .......................................... 30, 32

*Peterson v. Kennedy*,
  771 F.2d 1244 (9th Cir. 1985) ............................................................... 15

*Petrick v. Stars Bay Area, Inc.*,
  2021 WL 843183 (N.D. Cal. Mar. 5, 2021) ................................................. 29

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ........................................................... 14, 16

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015) ........................................................... 10, 13

*Ratha v. Phatthana Seafood Co.*,
  35 F.4th 1159 (9th Cir. 2022) ............................................................... 10

*Reynolds v. Binance Holdings Ltd.*,
  481 F. Supp. 3d 997 (N.D. Cal. 2020) ........................................................ 5

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 350S
Washington, D.C. 20037
202.677.4030

Moda Assurance Co. v. New Life Treatment Center            3:23-cv-00132-SLG
Defendant's Motion to Dismiss Complaint                    ix of xiii

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

*Rivera v. Peri & Sons Farms, Inc.*,
    735 F.3d 892 (9th Cir. 2013) ................................................................. 25

*Roth v. Garcia Marquez*,
    942 F.2d 617 (9th Cir. 1991) ......................................................... 14, 15

*Rydberg v. USPS*,
    2021 WL 1851033 (N.D. Cal. Jan. 21, 2021) ........................................ 25

*Safe Air For Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) ................................................................. 6

*Salvare La Vita Water, LLC v. Crazy Bottling Co.*,
    2021 WL 3044163 (9th Cir. July 19, 2021) ..................................... 15, 16

*Samson Tug & Barge Co. v. Koziol*,
    869 F. Supp. 2d 1001 (D. Alaska 2012) ........................................... 9, 13

*Schultz v. Harry S. Truman Scholarship Found.*,
    2020 WL 4505897 (N.D. Cal. Aug. 4, 2020) ....................................... 23

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ............................................... 5, 11, 16

*Shee Atika Languages, LLC v. Kershner*,
    2008 WL 11429798 (D. Alaska Feb. 27, 2008) ................................... 21

*Sidhu v. Bayer Healthcare Pharms. Inc.*,
    2022 WL 17170159 (N.D. Cal. Nov. 22, 2022) ................................... 26

*Singleton v. Wulff*,
    428 U.S. 106 (1976) ................................................................................ 8

*Smallwood v. Cent. Peninsula Gen. Hosp.*,
    151 P.3d 319 (Alaska 2006) ................................................................. 28

*Smith v. Facebook, Inc.*,
    262 F. Supp. 3d 943 (N.D. Cal. 2017) ................................................. 18

*Soma Surgery Ctr., Inc. v. Aetna Life Ins.*,
    2017 WL 9511462 (C.D. Cal. July 11, 2017) ....................................... 22

*Spieron, Inc. v. Americanized Benefit Consultants, Ltd.*,
    2018 WL 6844719 (C.D. Cal. Oct. 22, 2018) ...................................... 24

*State v. Jack*,
125 P.3d 311 (Alaska 2005) ...................................................................... 28

*Steel Bros., Inc. v. Dong Sung Heavy Indus.*,
2013 WL 11309602 (D. Alaska Jan. 8, 2013) .......................................... 28

*Swenson Trucking & Excavating, Inc. v. Truckweld Equip. Co.*,
604 P.2d 1113 (Alaska 1980) .................................................................. 28

*Sycks v. Transamerica Life Ins.*,
2022 WL 17403784 (D. Alaska Dec. 2, 2022) ........................................ 26

*Tart Optical Enterprises, LLC v. Light Co.*,
2017 WL 5957729 (C.D. Cal. May 1, 2017) ............................................ 16

*Van v. LLR, Inc.*,
500 F. Supp. 3d 927 (D. Alaska 2020) .................................................... 22

*Vanvelzor v. Vanvelzor*,
219 P.3d 184 (Alaska 2009) .................................................................... 10

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ........................................................... 22, 23

*Vitus Energy LLC v. USAA Fed. Sav. Bank*,
2020 WL 9751496 (D. Alaska July 10, 2020) .......................................... 18

*Walden v. Fiore*,
571 U.S. 277 (2014) ........................................................................... 14, 17

*Wasco Prod., Inc. v. Southwall Techs., Inc.*,
435 F.3d 989 (9th Cir. 2006) ................................................................... 22

*Weinstein v. Meritor, Inc.*,
2017 WL 4397947 (D. Nev. Sept. 29, 2017) ........................................... 26

*Welsh v. Am. Home Mortg. Assets, LLC*,
2014 WL 4954144 (N.D. Cal. Sept. 30, 2014) ........................................ 25

*WildEarth Guardians v. United States Forest Serv.*,
70 F.4th 1212 (9th Cir. 2023) .................................................................... 9

*Yamashita v. LG Chem, Ltd.*,
62 F.4th 496 (9th Cir. 2023) ..................................................................... 18

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 350S
Washington, D.C. 20037
202.677.4030

*Zermeno v. Precis, Inc.*,
  103 Cal. Rptr. 3d 360 (2009) ................................................................... 31

*Zhang v. Superior Ct.*,
  304 P.3d 163 (2013) ............................................................................... 31

**Statutes**

28 U.S.C. § 1391 .......................................................................... 19, 20, 21

28 U.S.C. § 1404 ................................................................................ 1, 21

28 U.S.C. § 1406 .................................................................................... 20

Alaska Stat. Ann. § 09.05.015 ............................................................... 4, 9

Alaska Stat. Ann. § 45.50.471 ........................................................ *passim*

Alaska Stat. Ann. § 45.50.481 ................................................................ 27

Alaska Stat. Ann. § 45.50.531 ................................................................ 25

Cal. Bus. & Prof. Code §§ 17200 et seq. ............................................... 30

Cal. Health & Safety Code § 445 ........................................................... 31

Cal. Health & Safety Code § 11831 ................................................. 24, 31

Cal. Ins. Code § 1871 ...................................................................... 25, 29

**Other Authorities**

45 C.F.R. § 155.302 ................................................................................. 7

45 C.F.R. § 155.305 ................................................................................. 7

45 C.F.R. § 155.320 ................................................................................. 7

45 C.F.R. § 155.405 ................................................................................. 7

Alaska Admin. Code tit. 3, § 26.110 ......................................................... 4

Rule 8 .................................................................................. 2, 21, 23, 27

Rule 9 ........................................................................................... *passim*

Rule 11 .................................................................................................. 25

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

Moda Assurance Co. v. New Life Treatment Center                     3:23-cv-00132-SLG
Defendant's Motion to Dismiss Complaint                                          xii of xiii

Rule 12(b)(1) ................................................................................................. 5

Rule 12(b)(2) ............................................................................................. 5, 9

Rule 12(b)(3) ........................................................................................... 19, 20

Rule 12(b)(6) ........................................................................................... 21, 25

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 350S
Washington, D.C. 20037
202.677.4030

Moda Assurance Co. v. New Life Treatment Center
Defendant's Motion to Dismiss Complaint

3:23-cv-00132-SLG
xiii of xiii

## <u>Memorandum in Support of Defendant's Motion to Dismiss</u>

## I.    <u>Introduction</u>

Defendant New Life respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(1), (b)(2), (b)(3), and (b)(6), or in the alternative to transfer to the Central District of California under 28 U.S.C. § 1404. Plaintiff is an Alaska-resident insurance company alleging claims against New Life, a California substance abuse treatment center, arising out of New Life's treatment of Alaska-resident non-party patients. Its Complaint raises vague and conclusory claims regarding New Life's alleged (and allegedly improper) efforts to help Alaska-resident patients obtain health insurance and other means necessary to receive care at its treatment center.

Plaintiff does not allege that New Life provided inadequate or unnecessary care to its patients. Instead, the crux of Plaintiff's allegation is that New Life's Alaska-resident patients were ineligible for Plaintiff's health insurance plans and New Life helped those patients lie about their income to enroll in those plans. Underlying Plaintiff's allegation is an Alaska statute that requires Plaintiff to pay a minimum rate—a "usual and customary rate"—for out-of-network services like those provided by New Life.

Plaintiff's allegations do not withstand scrutiny, however. New Life's Alaska-resident patients are eligible for Plaintiff's health plans. Not only is there no income requirement preventing Alaska residents from obtaining insurance from the Alaska health exchange, the Affordable Care Act ("ACA") requires health insurers to accept individuals who apply for coverage under its guaranteed issue provisions. This suit is simply Plaintiff's attempt to evade its statutory obligations and avoid paying for legitimate medical services at a rate required by law.

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

Moda Assurance Co. v. New Life Treatment Center
Defendant's Motion to Dismiss Complaint

3:23-cv-00132-SLG
1 of 34

The Court should dismiss Plaintiff's Complaint in its entirety. First, Plaintiff lacks standing. The "harm" of paying statutorily-required rates for legitimate health care services does not warrant standing. None of the alleged acts regarding the patients' health insurance applications violated exchange (or any other) rules, and to the extent any acts were improper, none caused harm to Plaintiff in a manner redressable by this Court. Second, Plaintiff's Complaint fails to allege facts that establish personal jurisdiction over New Life in Alaska. New Life is a California business that conducts all its business in and from California. To the extent it has any contacts with Alaska, those contacts are far too attenuated to warrant jurisdiction. Third, even if personal jurisdiction were established, venue in Alaska is improper. Dismissal or transfer is warranted. Fourth, Plaintiff's perfunctory Complaint is so unspecific as to fail to comply with the particularity requirements of Rule 9(b) or even the plausibility requirements of Rule 8. Plaintiff fails to specify the who, what, when, where, why, or how of its allegations, and rests its claim on only the barest assertions that New Life helped patients obtain the means to seek legitimate treatment. It fails to allege a single specific incident or act and thus fails to provide New Life with the required notice to defend itself. Accordingly, the Court should grant Defendant's motion.

## II.    Background

### 1.    Plaintiff makes vague and conclusory allegations that New Life improperly "recruited" Alaska-resident patients to its California treatment center.

Plaintiff's Complaint, with its four pages of factual allegations, makes vague, conclusory, and nonspecific accusations of fraudulent practices by New Life. Plaintiff's core allegation is that New Life, a California substance abuse treatment center, uses improper means to "recruit" Alaska-resident patients to its treatment

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

center. Complaint ¶ 16. More specifically, Plaintiff alleges that New Life helped Alaska-residents improperly obtain Moda "qualified health plans" ("QHPs") from Alaska's insurance exchange.[1] *See* Complaint ¶ 22.

The Complaint includes few examples and no details of allegedly improper recruitment practices. At best, Plaintiff alleges: New Life (1) "preyed on the poor and medically vulnerable" by "aggressively recruit[ing] them to agree to receive treatment at New Life," Complaint ¶ 17; (2) helped patients obtain QHPs, including Plaintiff health plans, on the Alaska health insurance marketplace when those patients were otherwise Medicaid-eligible or low-income, Complaint ¶¶ 18–23; (3) "on information and belief," "coached their recruits to fraudulently report their income" or "themselves intentionally misrepresented their recruits' income when filling out applications on the recruits' behalf," Complaint ¶ 24; and (4) "purchased recruits' plane tickets" to New Life's treatment center in California, Complaint ¶ 25. The Complaint's introduction also vaguely alleges that New Life submitted "exorbitant, fraudulent claims for substance abuse treatment" but fails to allege any detail whatsoever on why those claims were "exorbitant" or "fraudulent." Complaint ¶ 6. It appears that the only fraud Plaintiff alleges as to any actual claims is the tenuous connection between those claims and New Life's allegedly improper recruiting techniques. Plaintiff does not otherwise allege that New Life provided inadequate, unnecessary, or improperly billed services.

A key component of Plaintiff's allegations is that an Alaska regulation sets a minimum amount that health insurance companies must pay when Alaskans with

---

[1] Alaska has a federally-operated health insurance exchange. Patients sign up for Alaska marketplace insurance via Healthcare.gov. *See* Health Insurance, https://perma.cc/CME7-VJSZ (accessed August 8, 2023).

Moda Assurance Co. v. New Life Treatment Center
Defendant's Motion to Dismiss Complaint

3:23-cv-00132-SLG
3 of 34

private health plans receive care from out-of-network providers.[2] Alaska Admin. Code tit. 3, § 26.110; *see also* Complaint ¶ 26. That regulation requires private health insurers like Plaintiff to pay claims for health care services based on an amount that is equal to or greater than the 80th percentile of charges in a geographic area (i.e., a usual and customary rate) and is referred to as the "80th percentile rule." *See* Complaint ¶ 27. According to the Complaint, the "effect of Alaska's 80th percentile rule is that out-of-network providers like New Life receive a much higher payment from private health insurers like Moda than they would from (a) private insurers in states without such a rule; and (b) public insurers like Medicaid." Complaint ¶ 28.

Plaintiff alleges that New Life successfully recruited "dozens" of Alaska residents to receive care at New Life's facility, but Plaintiff does not specify how many of these Alaskans were insured by Plaintiff. Complaint ¶ 29. Plaintiff does, however, specify that some of New Life's Alaska-resident patients received weeks or months of treatment at New Life. Complaint ¶ 31. Plaintiff also alleges that Moda has paid $550,000 in claims out of a total $3.3 million in claims in which New Life has sought payment from Moda. Complaint ¶ 32.[3]

### 2. Plaintiff fails to allege adequate jurisdictional facts establishing jurisdiction in Alaska.

Plaintiff alleges personal jurisdiction is proper based on Alaska's long-arm statute and constitutional due process principles. Alaska Stat. Ann. § 09.05.015. Its basis for jurisdiction is its allegation that "New Life or its employees or agents

---

[2] The phrase "out of network" refers to providers who do not participate in an insurer's provider network, meaning the provider has not signed a contract agreeing to accept the insurer's negotiated prices. *See, e.g.*, Out-of-Network Coinsurance, Healthcare.gov Glossary, https://perma.cc/ZPS8-S7D7 (accessed Aug. 4, 2023).

[3] Should Plaintiff's Complaint survive this motion to dismiss, New Life intends to file an answer with counterclaims seeking payment for the unpaid Moda claims relating to services New Life has rendered. At that time, New Life will also assert its various affirmative defenses.

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

purposefully availed itself of the privilege of conducting business in Alaska by inducing Alaska residents to seek treatment for substance abuse at its treatment center." Complaint ¶ 13. It further alleges that New Life has conducted "sustained and deliberate activities in Alaska." Complaint ¶ 13. Otherwise, Plaintiff's Complaint acknowledges that New Life is a California corporation with its corporate offices in California. Complaint ¶ 10. The Complaint does not allege that New Life or any of its employees or agents ever visited Alaska, performed any activities in Alaska, or provided any services outside of California.

New Life includes with this motion a declaration attached as Exhibit 1 in support of dismissal under Rule 12(b)(2). Courts routinely allow such declarations or affidavits without converting a motion to dismiss into a motion for summary judgment. *See*, *e.g.*, *Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1007 n.4 (N.D. Cal. 2020); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). New Life's declaration states that: (1) New Life is a California business that conducts business in California only; (2) no New Life agent or employee has ever been to Alaska or conducted business there; (3) New Life does not initiate contact with out-of-state patients unless contacted by those patients first; and (4) New Life was not aware of the 80th percentile rule until this litigation.

**III.**   **Analysis**

    **1.**   **The Court must dismiss under Rule 12(b)(1) because Plaintiff lacks standing.**

Legal Standard: The party seeking to avail itself of the federal courts has the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). When considering standing under Rule 12(b)(1), "a district court may review evidence beyond the complaint without converting the motion . . . into a motion for summary judgment," and "[t]he court need not presume the truthfulness of the

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

plaintiff's allegations." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004).[4] "The irreducible constitutional minimum of standing contains three elements": (1) injury in fact, (2) causation, and (3) redressability. *Lujan*, 504 U.S. at 560. An injury in fact is "an invasion of a legally-protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id*.

<u>Applied</u>: Plaintiff lacks standing because it does not allege "injury in fact": The only "harm" Plaintiff allegedly suffered is its payment of legitimate claims at a statutory rate. Plaintiff does not allege that New Life billed for any illegitimate or unnecessary services—only that New Life's claims arose out of "falsified" applications for insurance by Medicaid-eligible patients. Complaint ¶¶ 29, 31.

But Plaintiff's falsified application theory does not work. Plaintiff alleges that New Life coached patients to *inflate* their income to receive health insurance on the Alaska exchange. *See* Complaint ¶ 4. According to Plaintiff, these patients were "ineligible" to receive health insurance from the exchange because they were Medicaid-eligible or otherwise low-income. Complaint ¶¶ 4, 46. But Plaintiff is wrong. There is no rule excluding low-income individuals or Medicaid-eligible individuals from the health insurance marketplace. *See* United States Department of Health and Human Services, Eligibility for Enrolling in a Qualified Health Plan, https://perma.cc/2A9A-WUH3 (July 2021) ("HHS Guide") (accessed Aug. 5, 2023) (noting "individuals who are eligible for Medicaid and CHIP may enroll in a QHP available through the Marketplace"); *see also* Healthcare.gov Eligibility Guide, https://perma.cc/8VW4-DXZC (accessed Aug. 5, 2023) (excluding Medicare but not

---

[4] Citations, internal quotations, footnotes, brackets, ellipses, and other ancillary elements to citations have been removed for clarity unless otherwise indicated.

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

Medicaid patients from marketplace eligibility).[5] In fact, Medicaid-eligible individuals may opt instead to purchase health plans from the marketplace.[6] *See* Medicaid & CHIP, Healthcare.gov, Medicaid & CHIP coverage, https://perma.cc/7C9P-FA8R (accessed Aug. 5, 2023) (noting Medicaid-eligible patients are Marketplace-eligible but must pay full price of plan); Alaska Department of Health and Social Services, Alaska Medicaid Recipient Handbook at 3, https://perma.cc/GRR8-9V24 (accessed Aug. 5, 2023) (noting Medicaid patients may have "[i]ndividually purchased health insurance"). Plaintiff fails to provide any contrary authority or otherwise allege any statute, regulation, or even health plan rule prohibiting Alaska-resident patients from enrolling in a QHP.

Simply put, Plaintiff misunderstands the income reporting rules. Those rules relate to the payment of government subsidies only—including tax credits and cost-sharing reductions. *See*, *e.g.*, 45 C.F.R. § 155.320 (noting exchanges must verify income "only for an applicant or tax filer who requested an eligibility determination for insurance affordability programs"); 45 C.F.R. § 155.305(f)–(g) (income eligibility standards for tax credits and cost-sharing reductions). They are not designed as a barrier to low-income patients from obtaining private insurance. In short, no eligibility rule prohibits Medicaid-eligible or otherwise low-income individuals from applying to QHPs on the basis of their income. *See* 45 C.F.R. Subt. A, Subch. B, Pt. 155.

In fact, the very purpose of the ACA is to provide people with access to health insurance. *See*, *e.g.*, *Morris v. California Physicians' Serv.*, 918 F.3d 1011, 1016 (9th

---

[5] Perma.cc is a web archiving service for legal and academic citations, which courts in this circuit routinely use, including the Ninth Circuit. *See*, *e.g.*, *350 Montana v. Haaland*, 50 F.4th 1254, 1285 (9th Cir. 2022).

[6] To be sure, the Affordable Care Act requires coordination among the marketplace exchanges and State Medicaid offices, and requires exchanges to perform Medicaid eligibility assessments or determinations. *See* 45 C.F.R. §§ 155.302, 155.305(c), 155.405. In addition, Medicaid-eligible individuals who enrolled in QHPs may not be eligible for certain tax credits or cost-sharing reductions. *See*, *e.g.*, HHS Guide.

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 350S
Washington, D.C. 20037
202.677.4030

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

Cir. 2019). Accordingly, the ACA includes several provisions—referred to as the "guaranteed issue" provisions—"designed to ensure that anyone who wanted to buy health insurance could do so." *King v. Burwell*, 576 U.S. 473, 480–82 (2015); *see* 42 U.S.C. § 300gg *et seq.* One of those provisions provides that "each health insurance issuer that offers health insurance coverage in the individual . . . market in a State must accept every . . . individual in the State that applies for such coverage." *King,* 576 U.S. at 481 (quoting 42 U.S.C. § 300gg-1). Accordingly, New Life's alleged efforts to help Alaska residents obtain their federally protected right to health insurance cannot cause any "injury in fact" to Plaintiff—even if New Life caused those residents to misreport their income. Those Alaska residents were *already* eligible for Plaintiff's insurance plans, regardless of their income, and Plaintiff was required to accept their enrollment.[7] Plaintiff suffers no injury by paying for the legitimate health claims of patients who were legitimately eligible for and enrolled in Plaintiff's health plans.

For similar reasons, Plaintiff also lacks standing due to lack of causation or redressability. Any alleged income inflation does not *cause* New Life's patients to become Plaintiff-insured—they were eligible for Plaintiff's insurance plans regardless of their income. Nor would any decision by this Court redress Plaintiff's concerns: New Life's patients could become Plaintiff-insured even in the absence of New Life's alleged conduct and their treatment at New Life would be paid at the statutorily-required rate. *See*, *e.g.*, *Linda R.S. v. Richard D.*, 410 U.S. 614, 618 (1973). In other words, Plaintiff's obligation to pay for its insureds' treatment at New Life is not a result of any of New Life's allegedly improper conduct. At best, it "results from the

---

[7] In addition, to the extent *any* harm occurred as a result of New Life's alleged efforts to inflate Alaska-resident incomes, that harm affected parties other than Moda (e.g., the exchange), and Moda has no standing to pursue those claims on their behalf. *Singleton v. Wulff*, 428 U.S. 106, 114 (1976) ("Ordinarily, one may not claim standing in this Court to vindicate the . . . rights of some third party.").

Moda Assurance Co. v. New Life Treatment Center
Defendant's Motion to Dismiss Complaint

3:23-cv-00132-SLG
8 of 34

independent action of some third party not before the court," whether that be the patients seeking treatment at New Life, the Alaska legislature requiring reimbursement at usual and customary rates, or Congress in passing the ACA. *See WildEarth Guardians v. United States Forest Serv.*, 70 F.4th 1212, 1216 (9th Cir. 2023).

### 2. This Court lacks personal jurisdiction over Defendant New Life under Rule 12(b)(2).

<u>Legal Standard</u>: In opposing a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "When a motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 978 (9th Cir. 2021). "This prima facie standard is not toothless, however." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020). "The plaintiff cannot simply rest on the bare allegations of its complaint." *Mavrix*, 647 F.3d at 1223. The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," but may resolve factual disputes in a plaintiff's favor. *Id.*

"Personal jurisdiction over an out-of-state defendant is proper where permitted by a long-arm statute and where the exercise of jurisdiction does not violate federal due process." *Wanat*, 970 F.3d at 1207. The Supreme Court of Alaska has construed the Alaska long-arm statute as authorizing "jurisdiction to the fullest extent permitted by federal due process." *See Nat'l Union Fire Ins. of Pittsburgh v. Aspen Custom Trailers, Inc.*, 587 F. Supp. 3d 904, 908 (D. Alaska 2022); *see also* Alaska Stat. Ann. § 09.05.015 (long-arm statute). Accordingly, "the statutory and constitutional requirements merge into a single due process test." *Samson Tug & Barge Co. v.*

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

Moda Assurance Co. v. New Life Treatment Center
Defendant's Motion to Dismiss Complaint

3:23-cv-00132-SLG
9 of 34

*Koziol*, 869 F. Supp. 2d 1001, 1008 (D. Alaska 2012) (Gleason, J.); *but see Vanvelzor v. Vanvelzor*, 219 P.3d 184, 188 (Alaska 2009) (statute *narrower* in certain contexts).

To exercise personal jurisdiction over a defendant, due process requires that the defendant "have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015); *see also Mallory v. Norfolk S. Ry. Co.*, 143 S. Ct. 2028, 2039–40 (2023). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza*, 793 F.3d at 1068.

To determine whether a court can exercise specific personal jurisdiction consistent with due process, a court must consider a three-pronged test: (1) "the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum;" (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1171 (9th Cir. 2022). "The plaintiff bears the burden of satisfying the first two prongs of the test," and "if the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.*

First Prong of Specific Jurisdiction Test: "The first prong of the specific-jurisdiction inquiry encompasses two separate concepts: 'purposeful availment' and 'purposeful direction.'" *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

(9th Cir. 2023). "Although they are distinct . . . both . . . ask whether defendants have voluntarily derived some benefit from their interstate activities such that they will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Id*. Indeed, there is no "rigid dividing line" between the two concepts and courts should "comprehensively evaluate the extent of the defendant's contacts with the forum state and those contacts' relationship to the plaintiffs' claims." *Davis v. Cranfield Aerospace Sols.*, 71 F.4th 1154, 1162 (9th Cir. 2023).

Nevertheless, courts typically "look to the type of claim at issue" to determine which test to apply. *Herbal Brands*, 72 F.4th at 1090–91. For unintentional tort claims and contract claims, including negligence claims, courts generally apply the "purposeful availment" test. *Id.*; *Davis*, 71 F.4th at 1162. Under the purposeful availment test, "a defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). Purposeful availment requires the defendant to target the forum state: It is not appropriate if the "business relationship between the parties was fleeting or its center of gravity lay elsewhere." *Aspen Trailers*, 587 F. Supp. 3d at 910. A "defendant's dealings with a state [must] establish[] a 'quid pro quo'—where the defendant . . . invoke[d] the benefits and protections of its laws, and in return submits to the burdens of litigation in the State." *Davis*, 71 F.4th at 1163.

For intentional tort claims, courts typically apply the purposeful direction test. *Herbal Brands*, 72 F.4th at 1090. To determine whether a defendant "purposefully directed" its activities toward the forum, courts apply the *Calder* test. *See Schwarzenegger*, 374 F.3d at 803; *see also Calder v. Jones*, 465 U.S. 783 (1984). That test "focuses on the forum in which the defendant's actions were felt." *Mavrix*, 647

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

F.3d at 1228. The *Calder* test asks "whether the defendant: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Wanat*, 970 F.3d at 1209. "This analysis is driven by the defendant's contacts with the forum state—not the plaintiff's or other parties' forum connections." *Davis*, 71 F.4th at 1162.

Second Prong of Specific Jurisdiction Test: The second prong of the specific jurisdiction test requires a claim to "arise out of" and "relate to" the defendant's forum-related activities. This prong "incorporates real limits as it must adequately protect defendants foreign to a forum." *LNS Enterprises LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 861 (9th Cir. 2022). An adequate relationship involves "continuous[] and deliberate[]" exploitation of a State's market. *Id.*

Third Prong of Specific Jurisdiction Test: Finally, the third prong of the specific jurisdiction test requires courts to assess reasonableness of jurisdiction based on seven factors:

> the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Herbal Brands*, 72 F.4th at 1096.

### a) *Plaintiff has not satisfied its burden of establishing personal jurisdiction on any basis.*

Plaintiff's bare allegation that New Life has "availed itself of the privileges of conducting business in Alaska by inducing Alaska residents to seek treatment for substance abuse" does not establish the minimum contacts required to warrant personal jurisdiction over New Life in Alaska. As Plaintiff acknowledges, New Life is

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 350S
Washington, D.C. 20037
202.677.4030

a California corporation that operates a California treatment center. *See* Complaint ¶¶ 10, 25. The mere fact that—from California—New Life marketed to or communicated with people who happened to be Alaska residents does not establish jurisdiction. To determine whether jurisdiction is appropriate here, the Court need only consider the three-pronged test for establishing specific jurisdiction consistent with due process: Plaintiff does not and cannot argue that general jurisdiction applies, and the Alaska long-arm statute is, at best, coextensive with federal due process. *See* Complaint ¶ 13 (arguing only specific jurisdiction); *Ranza*, 793 F.3d at 1068 (general jurisdiction available only in "exceptional case"); *Koziol*, 869 F. Supp. 2d at 1008.

> **b)    New Life has not purposefully availed itself of the privileges of conducting activities in or purposefully directed its activities toward Alaska.**

Under the first factor, New Life does not satisfy the purposeful availment or purposeful direction test.[8]

Purposeful Availment: Under the purposeful availment test, New Life has not performed any "affirmative conduct . . . which allows or promotes the transaction of business within the forum state." *Boschetto*, 539 F.3d at 1016 (9th Cir. 2008).

First, although the Complaint alleges, with little detail, that New Life "recruit[ed]" or "pressur[ed]" patients who happened to be Alaska residents, Complaint ¶¶ 16–17, the "center of gravity" of New Life's relationship with patients was in California where it provided treatment to those patients and conducted all its business operations. *Aspen Trailers*, 587 F. Supp. 3d at 910; *see* Exhibit 1. Plaintiff alleges only that New Life "used Facebook and other methods to identify individuals

---

[8] The Court may need to consider both the purposeful availment and purposeful direction test to evaluative whether personal jurisdiction of New Life is appropriate, particularly because Plaintiff brings both intentional and unintentional (negligence) tort claims. *See Davis*, 71 F.4th at 1162. However, for the reasons discussed below, all of Plaintiff's claims arise out of unified course of fraud and therefore the purposeful direction test may be most appropriate. *See*, *infra*, Section III.4.

Moda Assurance Co. v. New Life Treatment Center                    3:23-cv-00132-SLG
Defendant's Motion to Dismiss Complaint                                       13 of 34

who may be suffering from substance use disorder" and helped those individuals obtain treatment. Complaint ¶¶ 17, 24. The only connection to Alaska is that some of those individuals were allegedly Alaska residents. *See Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (focus is on defendant's contacts with forum, not with *residents* of forum); *see also Walden v. Fiore*, 571 U.S. 277, 279 (2014). The Complaint does not allege that any relevant actions occurred in Alaska or that New Life itself performed any actions in Alaska, let alone outside California. *Davis*, 71 F.4th at 1162; *see also Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) (purposeful availment considers whether defendant's contacts "attributable to his own actions"). But the status of some unidentified New Life patients as Alaska residents is not enough to establish jurisdiction, particularly where New Life did not benefit from these patients' status as Alaska residents and, nevertheless, centered its business activities in California only.[9] *Davis*, 71 F.4th at 1163.

Second, New Life did not promote any business in Alaska. Plaintiff alleges only the unremarkable fact that New Life used the internet and other unspecified means to connect with potential patients to facilitate its business as a California treatment center. *See*, *e.g.*, Complaint ¶ 17. However, the fact that some of New Life's patients came from Alaska was irrelevant to New Life's California business. At best, New Life undertook a *national* effort to bring patients to its treatment center and did not seek out its patients in Alaska specifically. *Davis*, 71 F.4th at 1163; *Mavrix*, 647 F.3d at 1230 (jurisdiction appropriate in California where defendant website had a "specific focus

---

[9] At best, Plaintiff alleges that Moda paid New Life claims for its California services, thus establishing a relationship between the parties. Complaint ¶ 32. But the center of gravity of that relationship is California, where Plaintiff provides the services. The only Alaska connection would be a result of *Plaintiff's* contacts only, not New Life's. *See*, *e.g.*, *DeTray v. AIG Ins. of Canada*, 2018 WL 4184334, at *7 (W.D. Wash. Aug. 31, 2018) (submission of insurance claim to forum state does not establish minimum contacts).

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 350S
Washington, D.C. 20037
202.677.4030

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

on the California-centered celebrity and entertainment industries" and otherwise "anticipated, desired, and achieved a substantial [forum] viewer base"). New Life's national efforts were *California*-oriented. Indeed, Plaintiff alleges that New Life sought to *physically* draw patients to California where its business operated. Complaint ¶ 25. Plaintiff does not allege that New Life ever targeted Alaska, "invoke[ed] the benefits and protections of its laws," "*deliberately* reached out" to Alaska to "exploit[] a market" there, or otherwise "enter[ed into] a contractual relationship *centered* there."[10] *Davis*, 71 F.4th at 1163 (emphasis added).

Third, the fact that New Life employees may have knowingly communicated with Alaska residents via the internet or other unspecified means does not establish minimum contacts. *Salvare La Vita Water, LLC v. Crazy Bottling Co.*, 2021 WL 3044163, at *1 (9th Cir. July 19, 2021) (no purposeful availment despite phone and email communications to the forum state); *see also Morrill*, 873 F.3d at 1142 (similar). It is not enough that New Life may have communicated with people in Alaska from California, especially when those communications relate to its California business. *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) (insufficient contacts where party's "sole contacts" with forum consisted of communications from outside forum); *Roth*, 942 F.2d at 622 (communications do not ordinarily qualify as purposeful activity). In any case, Plaintiff does not even allege that New Life ever spoke to someone in Alaska: Its Complaint is so devoid of factual specificity that it fails to allege that New Life interacted with anyone who was *actually in Alaska* at the time of those communications. Its only jurisdictional basis is that New Life may have interacted with unnamed Alaska residents at unspecified times and unspecified *places*.

---

[10]At best, New Life benefitted from an Alaska statute requiring the payment of OON services at 80th percentile UCR, but New Life was not even aware of that statute until this litigation. *See* Exhibit 1 ¶ 19.

Finally, New Life is a California treatment center that treats over 400 patients per year. Exhibit 1 ¶ 10. Plaintiff alleges only that New Life "recruited dozens of vulnerable Alaskans" without specifying what number of those patients were even insured by Moda or affected by the claims in its Complaint. New Life's alleged conduct toward *tens* of patients that happened to be Alaska residents—over an indeterminate period of time—is too "isolated" and "attenuated" to establish minimum contacts. *See Picot*, 780 F.3d at 1212; *Salvare*, 2021 WL 3044163, at *1.

Purposeful Direction: Under the *Calder* test, Plaintiff fails to allege that New Life: (1) committed any intentional act, (2) "expressly aimed" at Alaska, that (3) New Life knew was likely to cause harm in Alaska. *Wanat*, 970 F.3d at 1209.

As to the first *Calder* component, the "intent" in "intentional action" refers to "intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806. Here, New Life's only alleged Alaska-directed intentional actions involve its communications with Alaska residents. Under *Schwarzenegger*, New Life's intent was not to perform that "actual, physical act in the real world." *Id.* Instead, New Life's intent was to "accomplish a *result* or *consequence* of that act"—directing patients to its treatment center in California. *Id.* (emphasis added). The communications forming the basis for jurisdiction were only incidental to New Life's *intended* action of treating patients in California. *See Tart Optical Enterprises, LLC v. Light Co.*, 2017 WL 5957729, at *6 (C.D. Cal. May 1, 2017) (no jurisdiction where plaintiff failed to "identif[y] intentional acts").

As to the second *Calder* component, New Life did not "expressly aim[]" its conduct toward Alaska for all the reasons stated with respect to purposeful availment. Simply put, all of New Life's actions occurred in California: Plaintiff fails to allege

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

that New Life "*individually* targeted" the Plaintiff, Alaska-resident patients, or Alaska as a place to conduct business. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011) (emphasis added); *see also Wanat*, 970 F.3d at 1210 (fact that a defendant's users are from a particular forum does not satisfy "expressly aim" factor). Its communications with Alaska residents do not create minimum contacts. *Morrill*, 873 F.3d at 1144 (no purposeful direction where "any links" to forum state "occurred only because it happened to be where plaintiffs" resided); *Walden*, 571 U.S. at 291 (similar); *Moledina v. Marriott Int'l, Inc.*, 635 F. Supp. 3d 941 (C.D. Cal. 2022) ("expressly aim" not satisfied based on phone call from "forum state" and citing cases). At best, New Life's communications to any Alaska residents "establish contacts only with a forum resident, not with the forum itself," which is insufficient to establish minimum contacts. *Moledina*, 635 F. Supp. 3d at 949.

As to the third *Calder* prong, the Complaint does not raise any inference that New Life could have anticipated harm in Alaska. First, the only foreseeable harm of New Life's alleged contacts to Alaska would naturally occur in California where New Life was seeking to provide its services. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (mere foreseeability of harm necessary but not sufficient); *Davis*, 71 F.4th at 1162 (other non-party forum connections do not establish minimum contacts). New Life could not have foreseen that its contacts with Alaska-resident patients about substance abuse treatment would cause it to be haled into court by a third party with whom it had no interaction, based on claims only incidentally related to New Life's business in California. *Morrill*, 873 F.3d at 1143; *Axiom Foods, Inc. v. Acerchem Int'l*, 874 F.3d 1064, 1069 (9th Cir. 2017). Even if New Life could have known that it was directing activities at *patients* who happened to be Alaska residents, Plaintiff does not allege that New Life knew its activities might affect *Plaintiff* or that

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 350S
Washington, D.C. 20037
202.677.4030

*Plaintiff* was an Alaska resident. Finally, even assuming Plaintiff could establish foreseeability of harm, foreseeability is not enough to satisfy the *Calder* test: Courts require "something more." *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 951 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018). That something more is not present here absent allegations that New Life targeted Alaska or otherwise derived some benefit from Alaska specifically. *See Vitus Energy LLC v. USAA Fed. Sav. Bank,* 2020 WL 9751496, at *5 (D. Alaska July 10, 2020).

> **c)** **Plaintiff's claims do not "arise out of" or "relate to" New Life's alleged conduct.**

Under the second prong of the specific jurisdiction test, Plaintiff's claims do not "arise out of" or "relate to" New Life's alleged interactions with non-party Alaska residents. Although this factor does not necessarily require a causal link, this factor "incorporates real limits, as it must to adequately protect defendants foreign to a forum." *LNS Enterprises*, 22 F.4th at 861. It generally requires "a close connection between contacts and injury" to avoid collapsing general and specific jurisdiction. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 506 (9th Cir. 2023). Here that close connection is missing for all the reasons stated above. In short, all of New Life's activities occurred in California, even if New Life's alleged conduct may have impacted Alaska residents. *See Morrill*, 873 F.3d at 1143. New Life does not "continuously" or "deliberately" exploit Alaska's market. *LNS*, 22 F.4th at 861. Plaintiff alleges only the unremarkable fact that New Life communicated with Alaska residents to help them obtain treatment in California. The simple reality is that New Life operates a brick-and-mortar California business: It is an actual place with actual employees performing actual services in California and California only.

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

### d) *Haling New Life into Alaska is not reasonable.*

Under the third prong of the specific jurisdiction test, haling New Life into Alaska court is not "reasonable." First, for all the reasons stated above, New Life lacks any "purposeful interjection into the forum state's affairs." *Herbal Brands*, 72 F.4th at 1096. Second, the burden of suit in Alaska is high: (1) New Life is a local California business with no property in Alaska or employees "authorized to act on its behalf there"; (2) it will be required to travel a significant distance to reach the forum; and (3) much of the potentially relevant materials and witnesses are in California. *See*, *e.g.*, *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125 (9th Cir. 2002); *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004); *see also* Exhibit 1 ¶¶ 3–15. Third, the "most efficient judicial resolution of the controversy" would be in California, where New Life's alleged conduct occurred and its witnesses live, and the existence of this "alternative" and convenient forum weighs against jurisdiction. *See*, *e.g.*, *Glencore Grain*, 284 F.3d at 1125. Indeed, at least two of Plaintiff's claims are brought under California statutory claims (compared to only one Alaska claim), and its common law claims may also arise in California (though Plaintiff fails to state from where these claims originate). *See*, *infra*, Section III.4.b). Fourth, Moda operates across state lines, not simply in Alaska, and so the importance of "Alaska" to Moda's "interest in convenient and effective relief" is low and, in any case, this factor is "not of paramount importance." *See id.; Menken v. Emm*, 503 F.3d 1050, 1061 (9th Cir. 2007). Accordingly, the exercise of personal jurisdiction over New Life in Alaska would be unreasonable.

### 3. This Court is not the appropriate venue for this case under Rule 12(b)(3).

Plaintiff asserts that venue is appropriate under 28 U.S.C. § 1391(b)(2) because a "substantial part of the events or omissions giving rise to this controversy occurred

---

Moda Assurance Co. v. New Life Treatment Center
Defendant's Motion to Dismiss Complaint

3:23-cv-00132-SLG
19 of 34

within this District." Complaint ¶ 14. Venue is not appropriate in Alaska, however, because the events or omissions giving rise to this controversy occurred in *California*.

Legal Standard: "Once a defendant [moves] to dismiss for improper venue under Rule 12(b)(3), the plaintiff bears the burden of showing that venue is proper." *Apple Inc. v. VoIP-Pal.com, Inc.*, 506 F. Supp. 3d 947, 957 (N.D. Cal. 2020). "At that point, the pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866, 869 (N.D. Cal. 2021). Dismissal may be appropriate under Rule 12(b)(3) where venue is "wrong or improper." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). "Under 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought." *Knuttel*, 572 F. Supp. 3d at 869.

Whether venue is appropriate under § 1391(b)(2) depends on "the relevant activities of the defendant, not of the plaintiff." *Id.* "[O]nly the events that directly give rise to a claim are relevant." *Id.* "Venue is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.* at 870. "[S]uffering economic harm within a district is not by itself sufficient to warrant transactional venue there." *Id.* "Otherwise, venue almost always would be proper at the place of the plaintiff's residence, an option that Congress abolished in the general venue statute." *Id.*

Applied: Venue is not appropriate in Alaska for the same reasons stated above with respect to personal jurisdiction. As there, the venue inquiry focuses on a *defendant's* conduct. *Knuttel*, 572 F. Supp. 3d at 869. Here, New Life is a California business and all its alleged conduct occurred in California; none of the alleged

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

conduct, let alone a "substantial part" occurred in Alaska. *See* 28 U.S.C. § 1391(b)(2).

Accordingly, Alaska is not an appropriate venue and therefore this Court should

dismiss for improper venue or at worst transfer to the Central District of California

under 28 U.S.C. §§ 1406(a). *See*, *e.g.*, *Shee Atika Languages, LLC v. Kershner*, 2008

WL 11429798, at *11 (D. Alaska Feb. 27, 2008) (identifying ten-factor transfer test

and transferring out of Alaska). In the alternative, for the same reasons, New Life

moves under section 1404(a) to transfer to the Central District of California "[f]or the

convenience of [the] parties and witnesses" and "in the interest of justice." 28 U.S.C.

§ 1404(a).

> **4.**     **Plaintiff's Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).**

Plaintiff's Complaint fails to allege any details of New Life's alleged improper

conduct. It does not indicate who at New Life did anything, what patients New Life

allegedly recruited, when any of this alleged conduct occurred, or what rules or

common law New Life allegedly violated beyond mere conclusory recitations of

causes of action. For this reason, it fails to satisfy the plausibility and particularity

requirements of the Federal Rules and should be dismissed.

Legal Standard: Courts analyze a motion to dismiss under Rule 12(b)(6) using

the "plausibility pleading standards of Rule 8(a)," except where a heightened pleading

standard applies. *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1056–57 (9th Cir. 2023).

The plausibility standard requires a complaint to "allege enough facts to state a claim

to relief that is plausible on its face." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134,

1144 (9th Cir. 2021). "A plausible claim includes factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* "A complaint that offers labels and conclusions or a formulaic recitation

of the elements of a cause of action will not do." *Id.*

A heightened pleading standard applies under Rule 9(b) to allegations sounding in fraud. *Finjan*, 58 F.4th at 1057. "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* "Rule 9(b) applies where a claim is grounded in fraud or sounds in fraud, even if fraud is not an essential element of the cause of action." *Id.* "In other words, if a plaintiff chooses to allege in the complaint that the defendant has engaged in fraudulent conduct, then the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.*

Rule 9(b) applies to all claims in which fraud is an essential element. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003). In this case, Plaintiff alleges a "unified course of fraudulent conduct" that subjects all its claims to Rule 9(b). *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Rule 9(b) applies to California consumer protection and unfair competition laws); *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 990 (9th Cir. 2006) (conspiracy claim tied to fraud must satisfy rule 9(b)); *Van v. LLR, Inc.*, 500 F. Supp. 3d 927, 936 (D. Alaska 2020) (Rule 9(b) applies to Alaska Unfair Trade Practices and Consumer Protection Act ("UTPA")); *Deitz v. Comcast Corp.*, 2006 WL 3782902, at *6 (N.D. Cal. Dec. 21, 2006) (applying Rule 9(b) to negligent misrepresentation claim and citing cases); *see also Soma Surgery Ctr., Inc. v. Aetna Life Ins.*, 2017 WL 9511462, at *1 (C.D. Cal. July 11, 2017) (negligent misrepresentation claim "cannot be sustained without some specific representation or specific actionable omission").

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

Plaintiff's four pages of "Factual Allegations" fail to allege *any* plausible or particular facts regarding New Life's conduct. It does not name even a *single* individual, date, or example of the alleged conduct. Even under Rule 8's more lenient standard, the Complaint fails as nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" that is "devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Faustino v. Alcon Lab'ys, Inc.*, 692 F. App'x 819, 820 (9th Cir. 2017). The Complaint consists of conclusory allegations untethered to "any specific acts" and fails to otherwise put New Life on notice of its supposedly improper conduct in accordance with Rule 8. *Schultz v. Harry S. Truman Scholarship Found.*, 2020 WL 4505897, at *2 (N.D. Cal. Aug. 4, 2020).

The Complaint is even more deficient when analyzed under Rule 9(b), which applies to all of Plaintiff's claims. *See Vess*, 317 F.3d at 1103–04. Taking Plaintiff's alleged facts one-by-one, each fails to provide a plausible claim that puts New Life on notice of its allegedly improper conduct.

First, Plaintiff's repeated allegation that New Life "recruits" individuals fails to provide any details on what this recruitment entails and most importantly what makes this recruitment improper. *See, e.g.*, Complaint ¶¶ 16–17. In addition, Plaintiff's claims arising out of its "recruitment" allegations fail for the reasons discussed above with respect to standing. *See, supra*, Section III.1.

Second, Plaintiff's allegations that New Life helps its patients falsely attest to unnamed "minimum-income requirements" lacks any who, what, when, where, why, or how details and fails to state any details on what these "requirements" were, what their purpose was, and whether Plaintiff has any standing or basis to sue regarding these requirements. *See* Complaint ¶¶ 18–24. Plaintiff simply includes the conclusory

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 350S
Washington, D.C. 20037
202.677.4030

allegation that New Life "coach[ed]" their recruits to "fraudulently report their income" or themselves "intentionally mispresented their recruits' income." *Id.* The Complaint does not explain what "recruits" were told, what income requirements were violated, what the consequences of violating those rules are, or how the violation of those income requirements affected Plaintiff. Indeed, Plaintiff's allegations are premised on a misunderstanding of the income rules and their purpose. *See*, *supra*, Section III.1. Simply put, there is no rule preventing Medicaid-eligible or low-income Alaska-residents from obtaining QHPs from Moda on the Alaska insurance exchange.

Third, Plaintiff alleges that New Life "purchased their recruits' plane tickets" to New Life's treatment center, but fails to allege any who, what, when, where, why, or how details or otherwise provide any basis making these alleged purchases improper. In any case, even if Plaintiff's vague and conclusory allegations are true, California law expressly allows substance abuse treatment centers to purchase airfare for patients.[11] *See* Cal. Health & Safety Code § 11831.65 (permitting air travel as long as patient also receives return ticket).

Fourth, all of Plaintiff's claims fail for lack of damages. As explained above with respect to standing, Plaintiff has not suffered any harm by paying for legitimate medical claims by validly-enrolled insureds at statutory rates. *See*, *e.g.*, *Spieron, Inc. v. Americanized Benefit Consultants, Ltd.*, 2018 WL 6844719, at *3 (C.D. Cal. Oct. 22, 2018) (dismissal appropriate where plaintiff "suffered no damages"); *Kirst v. Ottosen Propeller & Accessories Inc.*, 2018 WL 9943555, at *6 (D. Alaska June 20, 2018) (dismissing UTPA claim where "asserted misrepresentation" did not cause "ascertainable loss" to plaintiff).

---

[11] In addition, as far as New Life's counsel could determine, Alaska does not have any prohibition on providing air fare or other potential "remuneration" to patients, nor does Plaintiff allege the existence of any such prohibition.

Amall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

Moda Assurance Co. v. New Life Treatment Center
Defendant's Motion to Dismiss Complaint

3:23-cv-00132-SLG
24 of 34

Finally, some or all of Plaintiff's claims may be barred by applicable statutes of limitations. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) (statute of limitations may warrant dismissal under Rule 12(b)(6) where apparent on "face of the pleading"). However, Plaintiff fails to allege any time period, making it impossible for New Life to assert limitations defenses appropriate on a motion to dismiss. *See*, *e.g.*, *Rydberg v. USPS*, 2021 WL 1851033, at *7 (N.D. Cal. Jan. 21, 2021) (dismissing under Rule 12(b)(6) where complaint "suffers from lack of specificity as to dates"); *Welsh v. Am. Home Mortg. Assets, LLC*, 2014 WL 4954144, at *14 (N.D. Cal. Sept. 30, 2014) (similar). Nor was Plaintiff at any "informational disadvantage" preventing it from alleging appropriate detail—Plaintiff must know the alleged patients and at least their dates of service with respect to the claims at issue, in addition to whatever basis they have for their "recruiting" allegations required by Rule 11. *See*, *e.g.*, *Rivera*, 735 F.3d at 902. Finally, many of Plaintiff's causes of action have very short limitation periods, as few as two years, meaning that it is very likely some or all of its claims are time-barred. *See*, *e.g.*, Alaska Stat. Ann. § 45.50.531(f) (two-year statute of limitations for UTPA); Cal. Ins. Code § 1871.7 (three-year statute of limitations)

Cutting through Plaintiff's conclusory allegations, its problem seems to be that it does not wish to pay for the medical treatment of its insured, particularly at the rate required by the 80th percentile rule. *See* Complaint ¶¶ 26–28. In Plaintiff's estimation, the 80th percentile rule meant "New Life stood to gain from convincing vulnerable Alaskans to enroll in Moda's health plans" and that New Life recruited patients "with the intention of exploiting Alaska's generous payment rule." Complaint ¶¶ 28. Plaintiff's conclusory allegations of "exploitation," however, are insufficient to survive the motion to dismiss standard. Plaintiff's alleged facts amount to nothing

Amall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

more than the fulfillment of Alaska and federal legislative purpose: Alaska passed a law requiring health insurers to pay out-of-network providers a certain rate for their services to Alaska-insured. The federal Affordable Care Act mandated the creation of health exchanges with private health plans available to state residents regardless of their income or Medicaid eligibility. New Life provided services to eligible Moda-insured Alaska-residents and got paid the rate Alaska's legislature required. Plaintiff's allegations, even construed in the light most favorable to them, go no further. Plaintiff cannot make a fraud of this legislatively-contemplated and expressly permitted conduct, or otherwise state a claim cognizable under any law.

      *b)*      ***Plaintiff fails to state a claim with respect to any of its individual causes of action.***

In addition to the reasons stated above, each of Plaintiff's claims fails for the following reasons.

<u>Fraud/Misrepresentation and Negligent Misrepresentations</u>: Plaintiff's first and second causes of action involve generalized allegations of fraud that fail to specify any legal basis (common law or statute) or appropriate jurisdiction (Alaska or California). These causes of action fail. First, Plaintiff's "failure to allege which state law governs a common law claim is grounds for dismissal."[12] *In re Natera Prenatal Testing Litig.*, 2023 WL 3370737, at *8 n.10 (N.D. Cal. Mar. 28, 2023) (citing cases); *see also Sidhu v. Bayer Healthcare Pharms. Inc.*, 2022 WL 17170159, at *3 (N.D. Cal. Nov. 22,

---

[12] In any case, dismissal is also warranted for the reasons stated herein regardless of whether Alaska or California common law applies because of the overlap in required elements. *See, e.g.*, *Kearns*, 567 F.3d at 1126 (stating California fraudulent misrepresentation elements); *F.T.C. v. Lights of Am., Inc.*, 760 F. Supp. 2d 848, 853 (C.D. Cal. 2010) (stating California negligent misrepresentation elements); *Sycks v. Transamerica Life Ins.*, 2022 WL 17403784, at *9 (D. Alaska Dec. 2, 2022) (stating Alaska fraudulent and negligent misrepresentation claims elements); *see also Weinstein v. Meritor, Inc.*, 2017 WL 4397947, at *4 (D. Nev. Sept. 29, 2017) (dismissing claim "[r]egardless of which state's law is applied" where the causes of action similar).

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 350S
Washington, D.C. 20037
202.677.4030

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

2022) (same); *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018) (same). Second, Plaintiff's allegations fail to plead with particularity under Rule 9(b) or plausibility under Rule 8 for all the reasons stated above. Plaintiff does not provide a single example of a fraudulent or negligent misrepresentation, which is fatal to its claims. *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1057 (9th Cir. 2011). Nor does the Plaintiff provide a single patient name, clarify when any misrepresentation occurred, specify how and to what extent income was misrepresented, identify what authority these alleged misrepresentations violated, or explain what effect those misrepresentations had on patients' eligibility or health claims. Third, as discussed above, Plaintiff fails to establish that *inflating* income on a health exchange application enables an Alaska resident to obtain a QHP from Moda and thereby cause the harm alleged in the Complaint. At the very least then, Moda could not have possibly "relied" on any income misrepresentation in insuring the Alaska-resident insured at issue here. *See, e.g.*, *Lantz Ret. Invs., LLC v. Glover*, 2021 WL 6118182, at *6 (E.D. Cal. Dec. 27, 2021), *aff'd*, 2023 WL 3533892 (9th Cir. May 18, 2023) (dismissing fraud claim under Rule 9(b) where misrepresentation was not "an immediate cause" of "injury-producing conduct"). Fourth, Plaintiff fails to plead any actual resulting damage because its monetary damages consist solely of its payment of valid medical claims at the statutory rate required by the Alaska 80th percentile rule.

      <u>Alaska Consumer Protection Act ("UTPA"), Alaska Stat. Ann. § 45.50.471</u>: First, the UTPA does not apply to insurance claims "due to the express exemption for the insurance industry" in Alaska Stat. Ann. § 45.50.481(a)(3). O.*K. Lumber Co. v. Providence Washington Ins.*, 759 P.2d 523, 528 (Alaska 1988); *see also Balazhi v. Allstate Prop. & Cas. Ins.*, 2022 WL 16572099, at *1 (D. Alaska Nov. 1, 2022)

("UTPA does not apply to trade practices involving the business of insurance" and separate insurance unfair trade practices statute has no private cause of action); *Smallwood v. Cent. Peninsula Gen. Hosp.*, 151 P.3d 319, 329 (Alaska 2006) (UTPA exempts acts "where the business is . . . regulated elsewhere"). Second, Plaintiff fails to specify which of the UTPA's fifty-seven unlawful acts New Life performed. *See Steel Bros., Inc. v. Dong Sung Heavy Indus.*, 2013 WL 11309602, at *4 (D. Alaska Jan. 8, 2013) (dismissing UTPA claim where plaintiff failed to "specify which of the fifty-seven practices" were violated). Third, Plaintiff fails to allege that New Life committed any acts prohibited by the statute. At best, Plaintiff alleges New Life caused confusion regarding patients' incomes that caused Moda to issue health insurance. *See* Complaint ¶¶ 48–49; *see* Alaska Stat. Ann. § 45.50.471(b)(11)–(12). But Moda would have been required to issue those health plans even in the absence of any income deception for the reasons stated above, and therefore it could not have relied on or been damaged by any misrepresentations. *See Curtis v. Providence Health & Servs.*, 2019 WL 1051179, at *7 (D. Alaska Mar. 5, 2019) (dismissing UTPA (b)(12) claim for lack of reliance). Fourth, the UTPA requires that the "plaintiff [be] a consumer of a good or service provided by the defendant." *Brady v. E&Y Dev., Inc.*, 2010 WL 11512284, at *4 & n.27 (D. Alaska July 29, 2010) (citing cases). Here, Moda is not a consumer of the goods or services of New Life—only New Life's patients are. Finally, all of New Life's conduct occurred in California and the UTPA should not be applied extraterritorially. *See Swenson Trucking & Excavating, Inc. v. Truckweld Equip. Co.*, 604 P.2d 1113, 1119–20 (Alaska 1980) (declining to determine whether UTPA "applies to acts committed outside the State of Alaska"); *State v. Jack*, 125 P.3d 311, 319 (Alaska 2005) (noting "state may exercise extraterritorial jurisdiction over conduct outside the state that has or is intended to have a *substantial*

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

effect within the state [and is] otherwise *reasonable*" (emphasis added)); *cf. Gonzalez v. ITT Corp.*, 2009 WL 10700307, at *3 (C.D. Cal. Aug. 10, 2009) (courts "have generally presumed that a state statute does not have application to conduct which occurs outside of the state.").

<u>California Insurance Frauds Prevention Act, Cal. Ins. Code §§ 1871.4, 1871.7</u>: The California Insurance Frauds Prevention Act claim under Cal. Ins. Code §§ 1871.4 and 1871.7 also fails.

As to Section 1871.4, it relates to only workers' compensation insurance fraud and has no application here whatsoever. *Petrick v. Stars Bay Area, Inc.*, 2021 WL 843183, at *7 (N.D. Cal. Mar. 5, 2021) (dismissing complaint without leave to amend because "amended complaint appear to have nothing to do with workers' compensation"). In addition, Section 1871 is a "penal statute" that does not provide a private right of action. *Minor v. Fedex Off. & Print Servs., Inc.*, 182 F. Supp. 3d 966, 978 (N.D. Cal. 2016).

As to Section 1871.7, Plaintiff's claim fails for several reasons. First, Plaintiff fails to allege what part or provision of 1871.7 New Life violated, state what statute or regulation New Life violated in its submission of claims, or otherwise provide any particularity as required under Rule 9(b). *See, e.g.*, *U.S. ex rel. Bly-Magee v. Premo*, 333 F. App'x 169, 170 (9th Cir. 2009), *as amended on denial of reh'g* (June 5, 2009) (dismissing qui tam claims where relator "does not specify" which regulations were violated); *see also Maa v. Ostroff*, 2013 WL 1703377, at *21 (N.D. Cal. Apr. 19, 2013). Second, Section 1871.7 is a "qui tam" statute that requires Plaintiff to bring an action on behalf of the State of California "in the name of the state," as well as follow certain procedural provisions, such as filing the complaint under seal and serving California governmental authorities. Cal. Ins. Code § 1871.7(e)(1)–(5). Plaintiff has

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

failed to do so. Third, section 1871.7 prohibits false or fraudulent insurance claims, but New Life did not submit any fraudulent claims to private insurers for the reasons stated above (e.g., New Life's claims were valid claims by eligible-Moda-insured patients and no income requirements prohibited those patients from obtaining Moda insurance). *See*, *e.g.*, *People ex rel. Ellinger v. Magill*, 292 Cal. Rptr. 3d 241, 244 (2022) (describing conduct prohibited by 1871.7).

<u>California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*</u>: The California UCL claim also fails.[13] Before even reaching the substance of the claim, the California UCL has incorporated "standing" requirements—like injury in fact and causation—which Plaintiff fails to satisfy for the reasons stated above. *California Med. Ass'n v. Aetna Health of California Inc.*, 532 P.3d 250, 258 (Cal. 2023) (describing standing requirements and noting their close relationship to federal standing requirements); *see*, *supra*, Section III.1. On the substance, the UCL provides three distinct theories of liability: (1) unlawful, (2) unfair, and (3) fraudulent. *DuFour v. Be LLC*, 291 F.R.D. 413, 420 (N.D. Cal. 2013). Plaintiff fails to adequately allege any theory.

Under the "unlawful" UCL theory, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel.*, 20 Cal. 4th 163, 180 (1999). Accordingly, an unlawful UCL claim "must be tethered to specific constitutional, statutory or regulatory provisions." *Pestmaster Servs., Inc. v. Travelers Cas. & Sur. Co.*, 2013 WL 12147583, at *5 (C.D. Cal. Sept. 10, 2013); *see also DuFour*, 291 F.R.D. at 420. Plaintiff vaguely alleges that New Life's scheme

---

[13] Plaintiff may only recover equitably remedies under the California UCL and is not entitled to a jury trial. *See Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cnty.*, 462 P.3d 461, 473 (2020).

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

"violated numerous state laws," Complaint ¶ 57, but lists only two: (1) Cal. Health & Safety Code § 11831.6 and (2) Cal. Health & Safety Code § 445. Plaintiff fails to adequately allege a violation of either these laws, and so its claim under § 17200 must be dismissed. *Flanegin v. First Cap. Corp. of Los Angeles*, 2009 WL 10673750, at *2 (C.D. Cal. Dec. 18, 2009) (without valid predicate act, UCL claim must be dismissed).

Section 11831.6 prohibits a substance abuse clinic from providing remuneration to a person seeking treatment. Complaint ¶ 57. Plaintiff does not specify any particular remuneration or other details as required by Rule 9(b), and its claim fails on that reason alone. In any case, the only remotely plausible remuneration theory in the Complaint is Plaintiff's allegation that New Life provided airfare to potential patients. Complaint ¶ 25. That kind of remuneration, however, is expressly permitted as an exception to section 11831.6 by Cal. Health & Safety Code § 11831.65, as discussed above.

Section 445 is similarly unhelpful to Plaintiff. That provision does not apply here because New Life has not "referred or recommended" anyone to a "physician, hospital, health-related facility, or dispensary." New Life is simply not a "for-profit healthcare referral service." *Zermeno v. Precis, Inc.*, 103 Cal. Rptr. 3d 360, 362 (2009).

In addition, both statutory predicates cited by Plaintiff have explicit enforcement provisions barring their availability under the UCL. Cal. Health & Safety Code § 445 (violations may be brought by California Attorney General only); Cal. Health & Safety Code § 11831.7 (providing for only administrative remedies of 11831.6). In such situations, courts have found that UCL liability cannot attach. *See*, *e.g.*, *Newton v. Am. Debt Servs., Inc.*, 75 F. Supp. 3d 1048, 1058 (N.D. Cal. 2014); *see also Zhang v. Superior Ct.*, 304 P.3d 163, 169 (2013) (statutory violations cannot be

borrowed under UCL where provision "contemplate[s] only administrative enforcement"); *Pestmaster*, 2013 WL 12147583 at *5 (cannot create otherwise barred private right of action for violations of California's Unfair Insurance Practices Act through UCL).

Under the "unfair" UCL theory, courts have articulated various standards for determining whether conduct is unfair for the purposes of the UCL statute. *DuFour*, 291 F.R.D. at 421; *see Nationwide Biweekly Admin. v. Superior Ct. of Alameda Cnty.*, 462 P.3d 461, 472 (2020). In general, these tests require the unfair conduct to "offend[] an established public policy . . . tethered to specific constitution, statutory, or regulatory provisions" or otherwise must be "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers" and outweigh the "utility of defendant's conduct." *DuFour,* 291 F.R.D. at 421. Plaintiff's Complaint does not even attempt to articulate a basis for why New Life's conduct is "unfair" beyond conclusory allegations of "act[ing] unfairly, unscrupulously, and contrary to established public policy." Complaint ¶ 58. It does not, for instance, identify a "close nexus between the challenged act and [a] legislative policy." *Ajzenman v. Off. of Comm'r of Baseball*, 492 F. Supp. 3d 1067, 1081 (C.D. Cal. 2020). In any case, courts have established that to bring a UCL claim under the unfairness prong, the plaintiff must be a "consumer" or a "competitor" of the defendant. *See*, *e.g.*, *Aton Ctr., Inc. v. Premera Blue Cross*, 2021 WL 615048, at *11 (S.D. Cal. Feb. 16, 2021); *Casas v. Victoria's Secret Stores, LLC*, 2015 WL 13446989, at *4 n.7 (C.D. Cal. Apr. 9, 2015). Plaintiff is neither.

Under the "fraudulent" UCL theory, a plaintiff must show fraudulent acts that would deceive "members of the public" and the Plaintiff must have "actually relied" on the alleged misrepresentations "to [its] detriment." *DuFour*, 291 F.R.D. at 421.

Amall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

Here, New Life's alleged conduct was not directed to the "public" and in any case, Plaintiff has not demonstrated reliance or other elements of fraud as discussed above.

Civil Conspiracy: Plaintiff's civil conspiracy claim should also be dismissed for much the same reasons as above. Here again, Plaintiff's "failure to allege which state law governs a common law claim is grounds for dismissal."[14] *Natera Prenatal Testing*, 2023 WL 3370737 at *8 n.10. Indeed, Plaintiff's failure goes further here in failing to specify which other claim its alleged conspiracy relates to. *See*, *e.g.*, *Ajetunmobi v. Clarion Mortg. Cap., Inc.*, 595 F. App'x 680, 683 (9th Cir. 2014) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). In addition, as a general principle, a company "cannot conspire with itself." *See*, *e.g.*, *United States ex rel. MC2 Sabtech Holdings, Inc. v. GET Eng'g Corp.*, 580 F. Supp. 3d 876, 895 (S.D. Cal. 2022). Here, Plaintiff alleges no coconspirators of New Life other than unidentified "individuals not made parties to this action." Complaint ¶ 11. Finally, Plaintiff fails to plead with particularity any details or elements of its conspiracy cause of action and should therefore be dismissed. *See*, *e.g.*, *Alfus v. Pyramid Tech. Corp.*, 745 F. Supp. 1511, 1521 (N.D. Cal. 1990) (dismissing conspiracy claim in part because "[i]t is not enough to show that defendants might have had a common goal unless there is a factually specific allegation that they directed themselves towards this wrongful goal by virtue of a mutual understanding or agreement.").

---

[14] In fact, it is uncertain whether Alaska even "recognize[s] a claim for civil conspiracy." *Hallam v. Perkins Coie LLP*, 2008 WL 11429373, at *2 (D. Alaska Mar. 24, 2008); *see also Davis v. King Craig Tr.*, 2017 WL 2209879, at *3 n.9 (Alaska May 17, 2017) (declining to determine whether "civil conspiracy" constitutes a "separate wrong"); *see also NordAq Energy, Inc. v. Devine*, 2018 WL 1083922, at *10 & n.99 (D. Alaska Feb. 27, 2018).

Moda Assurance Co. v. New Life Treatment Center
Defendant's Motion to Dismiss Complaint

3:23-cv-00132-SLG
33 of 34

Arnall Golden Gregory LLP
2100 Pennsylvania Avenue NW
Suite 3505
Washington, D.C. 20037
202.677.4030

*c)* ***Plaintiff's Complaint should be dismissed with prejudice because amendment would be futile.***

Finally, Plaintiff's Complaint should be dismissed with prejudice for all the reasons stated herein because amendment would be futile. *See*, *e.g.*, *Nicdao v. Chase Home Fin.*, 839 F. Supp. 2d 1051, 1077 (D. Alaska 2012). Plaintiff has no provided "any hint of a plausible claim," *id.*, its complaint cannot "be saved by amendment," *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007), and Plaintiff should not be permitted to harass New Life through this meritless litigation in its attempt to avoid paying the legitimate claims of its insured. *See Ketab Corp. v. Mesriani & Assocs.*, 2015 WL 12655554, at *4 (C.D. Cal. Oct. 23, 2015).

**IV.** **Conclusion**

For all the reasons stated above, New Life respectfully requests that the Court grant its motion to dismiss, dismiss Plaintiff's Complaint in its entirety with prejudice, and grant any other relief that the Court deems just and proper.

Dated: August 22, 2023.

Arnall Golden Gregory LLP
Attorneys for Defendant New Life Treatment Center

By: /s/ Matthew M. Lavin
Matthew M. Lavin (*pro hac pending*)
James Wiseman (*pro hac pending*)

Birch Horton Bittner & Cherot

By: /s/ David Karl Gross
David Karl Gross 9611065

Attorneys for Defendant New Life Treatment Center