IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MODA HEALTH PLAN, INC.,<br><br>        Plaintiff,<br>   v.<br><br>NEW LIFE TREATMENT CENTER,<br><br>        Defendant. | Case No. 3:23-cv-00132-SLG |

## ORDER RE DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Before the Court at Docket 27-3 is Defendant New Life Treatment Center's ("New Life") "Motion to Dismiss Amended Complaint under Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(3), and (b)(6); or in the alternative to transfer under 28 U.S.C. § 1404 to the Central District of California."[1] Plaintiff Moda Health Plan, Inc. ("Moda") responded in opposition at Docket 30, to which New Life replied at Docket 32. Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

Moda is a health insurance company and Alaska corporation with its principal place of business in Anchorage, Alaska.[2] It brings this suit against New

---

[1] The Court granted New Life's motion for leave to file the instant late motion to dismiss and accepted the motion to dismiss as filed at Docket 27-3. *See* Docket 29. While New Life included in the title of its motion the request to transfer the case to the Central District of California in the alternative, neither party discusses transferring the case in the briefing. Accordingly, the Court does not address any argument to that effect here.

[2] Docket 26 at ¶ 14.

Life, a substance abuse treatment center and California corporation with its principal place of business in California.[3] Moda's First Amended Complaint asserts that "New Life orchestrated a deceptive and unlawful scheme through which it intentionally misrepresented Alaskans' income to sign them up for Moda health insurance plans," the result of which "has been fraudulent claims [against Moda] of approximately $3.3 million."[4] The complaint alleges that "Moda has so far paid an estimated $650,000 in claims (of a total of $3.3 million in claims for which New Life has so far sought payment from Moda) for individuals whose health insurance applications contained information that New Life falsified or caused to be falsified."[5]

The complaint asserts that "New Life purchased advertisements on social-media websites like Facebook and Instagram" that "were geographically targeted, included to users residing in Alaska."[6] It alleges that New Life's alleged scheme was propelled by an Alaska regulation, Title 3 of the Alaska Administrative Code ("AAC"), § 26.110(a), which "provides that private health care insurers must pay claims for healthcare services based on an amount that is equal to or greater than the 80th percentile of charges in a geographical area" (the "80th percentile rule").[7]

---

[3] *See* Docket 26 at ¶¶ 15, 20.

[4] Docket 26 at ¶ 1.

[5] Docket 26 at ¶ 58.

[6] Docket 26 at ¶ 2.

[7] Docket 26 at ¶¶ 32-33.

Case No. 3:23-cv-00132-SLG, *Moda Health Plan, Inc. v. New Life Treatment Center*
Order re Defendant's Motion to Dismiss Amended Complaint
Page 2 of 14

The complaint explains that "[t]he effect of Alaska's 80th percentile rule is that out-of-network providers like New Life receive a much higher payment from private health insurers like Moda than they would from (a) private insurers in states without such a rule; and (b) public insurers like Medicaid."[8] It alleges that "New Life, or its employees or agents, purposefully availed itself of the privilege of conducting business in Alaska by inducing Alaska residents to seek treatment for substance abuse at its treatment center, and by enrolling them in an Alaskan health insurance plan offered by Moda through the health insurance exchange, thereby invoking the benefits and protections of Alaska law."[9] The complaint further asserts that, "[o]nce enrolled in a Moda health plan, New Life's patient advocates purchased their recruits' plane tickets for the journey from Alaska to New Life's treatment center in California."[10] The complaint alleges jurisdiction based on diversity of citizenship and contains three causes of action: (1) fraud/intentional misrepresentation under Alaska law; (2) negligent misrepresentation under Alaska law; and (3) civil conspiracy under Alaska law.[11]

Prior to Moda's First Amended Complaint, New Life had filed a motion to dismiss Moda's initial complaint, asserting that: Moda lacked standing; the Court

---

[8] Docket 26 at ¶ 34.

[9] Docket 26 at ¶ 18.

[10] Docket 26 at ¶ 40.

[11] Docket 26 at ¶¶ 60-77.

Case No. 3:23-cv-00132-SLG, *Moda Health Plan, Inc. v. New Life Treatment Center*
Order re Defendant's Motion to Dismiss Amended Complaint
Page 3 of 14
Case 3:23-cv-00132-SLG   Document 35   Filed 07/02/24   Page 3 of 14

lacked personal jurisdiction over New Life; the District of Alaska was not the appropriate venue; and that Moda had failed to state a claim upon which relief could be granted.[12] Moda then filed a motion to amend its complaint which New Life opposed, asserting that any amendment would be futile for the same reasons stated in its motion to dismiss.[13] The Court allowed Moda to amend its complaint and denied New Life's motion to dismiss but without prejudice to its renewal after Moda filed an amended complaint.[14] New Life subsequently filed the instant motion to dismiss, raising most of the same arguments in its previous motion to dismiss and asserting that: Moda lacks standing; the Court lacks personal jurisdiction over New Life; Moda's First Amended Complaint fails to state a claim upon which relief can be granted; and amendment would be futile.[15] In support of its motion, New Life attached the declaration of its Chief Executive Officer ("CEO"), John Malek.[16] In the declaration, Mr. Malek states that "New Life does not target any particular state or residents of any particular state," but "[i]t does advertise more extensively in states that happen to be closer to California or otherwise lack treatment center options for residents."[17] Mr. Malek also states that before this

---

[12] *See* Docket 12 at 3.

[13] Docket 18; Docket 21.

[14] Docket 25 at 18-19.

[15] Docket 27-3 at 3.

[16] Docket 27-4.

[17] Docket 27-4 at ¶¶ 15, 18.

Case No. 3:23-cv-00132-SLG, *Moda Health Plan, Inc. v. New Life Treatment Center*
Order re Defendant's Motion to Dismiss Amended Complaint
Page 4 of 14
Case 3:23-cv-00132-SLG   Document 35   Filed 07/02/24   Page 4 of 14

action was filed, "New Life was not aware of the Alaska statute referred to in the Complaint as the Alaska 80th percentile rule" and hence, "did not target Alaska-resident patients based on this statute."[18]

## DISCUSSION

The Court addresses in turn each of the grounds on which New Life asserts Moda's First Amended Complaint should be dismissed pursuant to Federal Rule of Procedure 12(b).

### I. Rule 12(b)(1) – Standing

A lack of standing necessitates dismissal under Federal Rule of Civil Procedure 12(b)(1). Standing requires a plaintiff to show (1) an injury in fact, meaning an "invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) causation; and (3) redressability, meaning that "the injury will likely be redressed by a favorable decision."[19] Similar to its previous opposition to Moda's motion to amend its complaint, New Life contends that Moda has not alleged that it suffered an injury in fact because Moda paid "legitimate claims at a statutory rate" under Alaska law and that, "[a]t best, Moda's new theory alleges a harm to the government only."[20] New Life further contends that Moda "lacks standing due to

---

[18] Docket 27-4 at ¶ 19.

[19] *Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

[20] *Compare* Docket 27-3 at 15-16, *with* Docket 21 at 11-12.

Case No. 3:23-cv-00132-SLG, *Moda Health Plan, Inc. v. New Life Treatment Center*
Order re Defendant's Motion to Dismiss Amended Complaint
Page 5 of 14

Case 3:23-cv-00132-SLG   Document 35   Filed 07/02/24   Page 5 of 14

lack of causation or redressability" because "[a]ny alleged misreported income does not *cause* New Life's patients to become Moda-insured or receive treatment at New Life," and because "New Life's patients could become Moda-insured even in the absence of New Life's alleged conduct."[21] However, for the same reasons explained in the Court's order at Docket 25, the Court rejects New Life's arguments as to standing here.[22]

## II. Rule 12(b)(2) – Personal Jurisdiction[23]

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."[24] If the motion is evaluated on written briefing rather than an evidentiary hearing, the court "only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction."[25] "Although the plaintiff cannot 'simply rest on the bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the

---

[21] Docket 27-3 at 18-19 (emphasis in original).

[22] *See* Docket 25 at 7-8.

[23] For a more in-depth discussion of the legal standard, see the Court's order at Docket 25 at 8-15.

[24] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

[25] *Id.* (second alteration in original) (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995)).

Case No. 3:23-cv-00132-SLG, *Moda Health Plan, Inc. v. New Life Treatment Center*
Order re Defendant's Motion to Dismiss Amended Complaint
Page 6 of 14
Case 3:23-cv-00132-SLG   Document 35   Filed 07/02/24   Page 6 of 14

plaintiff's favor."[26]  "As with Rule 12(b)(1) challenges to subject-matter jurisdiction, a Rule 12(b)(2) challenge to personal jurisdiction may attack the legal theory supporting jurisdiction based on the facts as pleaded (a facial attack) or the facts themselves (a factual attack)."[27]  Here, only New Life submitted a declaration related to the issue of personal jurisdiction; as such, New Life brings a factual attack against Moda's claim regarding personal jurisdiction.[28]

New Life contends that the Court lacks personal jurisdiction over New Life, "a brick and mortar, family-owned California corporation that operates only [as] a California treatment center," because "[t]he mere fact that—from California—New Life marketed to or communicated with people who happened to be Alaska residents does not establish jurisdiction."[29]

In response, Moda asserts that personal jurisdiction is established because New Life purposefully directed its activities at Alaska.[30]  Under the purposeful direction test, "[t]he defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is

---

[26] *Id.* (citations omitted) (quoting *Amba Mktg. Sys., Inc., v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).

[27] *Eclipse Grp. LLP v. Target Corp.*, Case No. 15cv1411-JLS-BLM, 2016 WL 8395077, at *7 (S.D. Cal. May 26, 2016) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 (9th Cir. 1977)).

[28] *See* Docket 27-4.

[29] Docket 27-3 at 24-25.

[30] Docket 30 at 19.

Case No. 3:23-cv-00132-SLG, *Moda Health Plan, Inc. v. New Life Treatment Center*
Order re Defendant's Motion to Dismiss Amended Complaint
Page 7 of 14
Case 3:23-cv-00132-SLG   Document 35   Filed 07/02/24   Page 7 of 14

likely to be suffered in the forum state."[31] Moda's complaint alleges that New Life "purchased advertisements on social-media websites like Facebook and Instagram" that "were geographically targeted, includ[ing] to users residing in Alaska."[32] Moda further notes that Mr. Malek's declaration acknowledges that while "New Life advertises its treatment services online nationally—through Facebook and Instagram," "[i]t does advertise more extensively in states that happen to be closer to California or otherwise lack treatment center options for residents."[33] Moda contends that "New Life therefore intentionally 'appealed to and profited from an audience in' Alaska," thereby meeting the purposeful direction test.[34]

While simply operating a website is insufficient to establish the express aiming prong of the purposeful direction test, "operating a website 'in conjunction with "something more"—conduct directly targeting the forum—is sufficient' to satisfy the express aiming prong."[35] "In some cases, the operators of a website can be said to have expressly aimed at a forum where a website with national viewership and scope appeals to, and profits from, an audience in a particular

---

[31] *Doe v. WebGroup Czech Republic, a.s.*, 93 F.4th 442, 452 (9th Cir. 2024) (alteration in original) (citations omitted).

[32] *See* Docket 26 at ¶ 2.

[33] Docket 30 at 20 & n.68 (quoting Docket 27-4 at ¶ 15).

[34] Docket 30 at 21 (alterations omitted) (quoting *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1092 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 693 (2024)).

[35] *Herbal Brands*, 72 F.4th at 1091-92 (citation omitted).

Case No. 3:23-cv-00132-SLG, *Moda Health Plan, Inc. v. New Life Treatment Center*
Order re Defendant's Motion to Dismiss Amended Complaint
Page 8 of 14
Case 3:23-cv-00132-SLG   Document 35   Filed 07/02/24   Page 8 of 14

state."[36] Here, the Court finds that the "something more" requirement is met. The uncontroverted facts alleged in Moda's complaint show that, once individuals responded to New Life's advertisements, New Life falsified those recruits' incomes and helped them enroll in Alaska-based Moda health plans; then, once enrolled, "New Life's patient advocates purchased their recruits' plane tickets for the journey from Alaska to New Life's treatment center in California."[37] Thus, Moda has met its burden to show that New Life did "something more" than simply operate interactive advertisements that were viewable in Alaska. Accordingly, the Court finds that it has personal jurisdiction over New Life in this action.

### III. Rule 12(b)(6) – Failure to State a Claim

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[38] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[39] Similar to its arguments in its opposition to Moda's previous motion

---

[36] *Id.* at 1092 (internal quotation marks and citation omitted).

[37] Docket 26 at ¶¶ 38, 40; *cf.* Docket 27-4.

[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[39] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

Case No. 3:23-cv-00132-SLG, *Moda Health Plan, Inc. v. New Life Treatment Center*
Order re Defendant's Motion to Dismiss Amended Complaint
Page 9 of 14
Case 3:23-cv-00132-SLG   Document 35   Filed 07/02/24   Page 9 of 14

to amend, New Life maintains that Moda fails to state a claim upon which relief can be granted.[40]

First, New Life again asserts that Moda's complaint fails to state any cause of action under Rule 8 or Rule 9(b)'s pleading standards.[41] For the same reasons explained in the Court's previous order, the Court rejects this argument.[42]

Second, New Life contends that the complaint fails to state a cause of action for fraudulent or negligent misrepresentation, which are Moda's first and second causes of action, because the complaint fails to allege reliance or loss.[43] Under Alaska law, the elements of fraudulent misrepresentation are: "(1) a misrepresentation of fact or intention, (2) made fraudulently (that is, with 'scienter'), (3) for the purpose or with the expectation of inducing another to act in reliance, (4) with justifiable reliance by the recipient, (5) causing loss."[44] "The elements of negligent misrepresentation are essentially the same, except that instead of scienter the plaintiff has to prove the defendant's lack of 'reasonable care when making the statement.'"[45]

---

[40] *Compare* Docket 21 at 22-26, *with* Docket 27-3 at 30-37.

[41] Docket 27-3 at 31.

[42] *See* Docket 25 at 16-18.

[43] Docket 27-3 at 33-34.

[44] *Recreational Data Servs., Inc. v. Trimble Navigation Ltd.*, 404 P.3d 120, 126 (Alaska 2017), *as amended* (Aug. 3, 2017).

[45] *Id.*

Case No. 3:23-cv-00132-SLG, *Moda Health Plan, Inc. v. New Life Treatment Center*
Order re Defendant's Motion to Dismiss Amended Complaint
Page 10 of 14
Case 3:23-cv-00132-SLG   Document 35   Filed 07/02/24   Page 10 of 14

The Court finds New Life's arguments unpersuasive. At this stage of the litigation, Moda's complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[46] Moda's complaint alleges that New Life "artificially inflat[ed] its recruits' incomes" so that they would not be eligible for Medicaid, but that they would be eligible for a Moda health plan with "significant premium subsidies."[47] The complaint asserts that "New Life understood that Moda would rely on these facts to issue insurance policies to [New Life's] recruits, and ultimately to pay their claims."[48] The complaint then alleges that "Moda justifiably relied on New Life's false representations in enrolling Medicaid-eligible individuals in its private health plans."[49] This is sufficient factual matter, if accepted as true, to state a misrepresentation claim that is "plausible on its face."[50] Moreover, the Court finds that the complaint has clearly alleged a loss of "an estimated $650,000 in claims . . . for individuals whose health insurance applications contained information that New Life falsified or caused to be falsified."[51] Accordingly, the Court finds that Moda's first and second causes of

---

[46] *Ashcroft*, 556 U.S. at 678 (citation omitted).

[47] Docket 26 at ¶ 38.

[48] Docket 26 at ¶ 70.

[49] Docket 26 at ¶ 71.

[50] *Recreational Data*, 404 P.3d at 126; *Ashcroft*, 556 U.S. at 678 (citation omitted).

[51] Docket 26 at ¶ 58.

Case No. 3:23-cv-00132-SLG, *Moda Health Plan, Inc. v. New Life Treatment Center*
Order re Defendant's Motion to Dismiss Amended Complaint
Page 11 of 14
Case 3:23-cv-00132-SLG   Document 35   Filed 07/02/24   Page 11 of 14

action for fraudulent and negligent misrepresentation state claims for relief that are plausible on their face.

Third, New Life contends that Moda's third cause of action, civil conspiracy under Alaska law, should be dismissed because "Alaska does not recognize a stand-alone conspiracy claim."[52] While it may be unclear "[w]hether 'civil conspiracy' actually constitutes a separate wrong" under Alaska law,[53] neither party has pointed to any Alaskan authority, and the Court is unaware of any, that holds that a plaintiff may or may not allege a civil conspiracy cause of action under Alaska law, especially when the plaintiff brings other causes of action related to the civil conspiracy. Moreover, this Court has previously held that a civil conspiracy claim was plausible under Alaska law.[54] Moda's complaint alleges that New Life employees or patient advocates "coach[ed]" at least two recruits in 2023 on how to obtain a Moda health insurance plan with premium subsidies even though they were Medicaid-eligible or had earned no income "for the four previous years."[55] The complaint further alleges that, "[t]ogether with its patient advocates, New Life intended to and did unlawfully enroll or assist in enrolling in Moda health

---

[52] Docket 27-3 at 36; Docket 32 at 18.

[53] *See Davis v. King Craig Tr.*, Case No. S-15962, 2017 WL 2209879, at *3 n.9 (Alaska May 17, 2017) (citation omitted). The Court notes that, because *Davis v. King Craig Trust* is an unpublished opinion, that case does not create legal precedent. *See* Alaska R. App. P. 214(d).

[54] *Iditasport Alaska v. Merchant*, Case No. 3:18-cv-0068-HRH, 2018 WL 4365492, at *7 (D. Alaska Sept. 13, 2018).

[55] *See* Docket 26 at ¶¶ 3, 42-48.

Case No. 3:23-cv-00132-SLG, *Moda Health Plan, Inc. v. New Life Treatment Center*
Order re Defendant's Motion to Dismiss Amended Complaint
Page 12 of 14
Case 3:23-cv-00132-SLG   Document 35   Filed 07/02/24   Page 12 of 14

plans individuals who otherwise would have enrolled or continued their enrollment in Medicaid so New Life could exploit Alaska's generous payment rules."[56] While the complaint does not specify the exact individuals who allegedly engaged in the civil conspiracy, "it is plausible that 'discovery will reveal evidence' of [those] co-conspirators."[57] Therefore, the Court finds that Moda's third cause of action "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" for civil conspiracy.[58]

## IV. Futility of Amendment

Finally, New Life contends that Moda's First Amended Complaint should be dismissed with prejudice for all of the foregoing reasons and because amendment would be futile.[59] However, because the Court finds that Moda has adequately alleged standing, demonstrated that this Court has personal jurisdiction over New Life, and stated claims that are plausible on their face, the Court rejects New Life's futility of amendment argument.

---

[56] Docket 26 at ¶ 74.

[57] *Merchant*, 2018 WL 4365492, at *7 (quoting *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1129 (9th Cir. 2015)).

[58] *Ashcroft*, 556 U.S. at 678 (citation omitted).

[59] Docket 27-3 at 37.

Case No. 3:23-cv-00132-SLG, *Moda Health Plan, Inc. v. New Life Treatment Center*
Order re Defendant's Motion to Dismiss Amended Complaint
Page 13 of 14
Case 3:23-cv-00132-SLG   Document 35   Filed 07/02/24   Page 13 of 14

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's Motion to Dismiss Amended Complaint at Docket 27-3 is DENIED. New Life shall file an answer to the First Amended Complaint within 14 days of the date of this order.[60]

DATED this 2nd day of July 2024, at Anchorage, Alaska.

<u>/s/ Sharon L. Gleason</u>
UNITED STATES DISTRICT JUDGE

---

[60] *See* Fed. R. Civ. P. 12(a)(4)(A).

Case No. 3:23-cv-00132-SLG, *Moda Health Plan, Inc. v. New Life Treatment Center*
Order re Defendant's Motion to Dismiss Amended Complaint
Page 14 of 14
Case 3:23-cv-00132-SLG   Document 35   Filed 07/02/24   Page 14 of 14